**Brian HARLOW, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3633.**

Court of Appeals of Alaska.

Nov. 8, 1991.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John Salemi, Public Defender, Anchorage, for appellant.

Shelley K. Chaffin, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

OPINION

COATS, Judge.

Brian Harlow was convicted, based upon his plea of *nolo contendere,* of theft in the second degree, AS 11.46.130, and misconduct involving weapons in the first degree, AS 11.61.200. Both offenses are class C felonies. The sole issue on appeal in this case is whether Superior Court Judge Jay Hodges erred in treating Harlow as a second felony offender for purposes of presumptive sentencing.

Judge Hodges concluded that Harlow was a second felony offender. He found that a mitigating factor applied to Harlow's

sentencing,[1] and imposed a mitigated presumptive sentence for theft in the second degree of two years with one year suspended and a mitigated presumptive sentence for misconduct involving weapons in the first degree of two years with two years suspended. Judge Hodges imposed the sentences consecutively. Thus, Harlow's composite sentence was four years with three years suspended.

At the time of his sentencing in this case, Harlow had two prior convictions for "unauthorized use of a vehicle" in Oregon. The convictions occurred in 1988 and 1989. In Oregon "unauthorized use of a vehicle" is a class C felony, punishable by a maximum sentence of five years of imprisonment. ORS 161.605(3). Oregon Revised Statute 164.135(1) defines the offense as follows:

A person commits the crime of unauthorized use of a vehicle when: (a) [t]he person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner....

Alaska Statute 12.55.145 governs the circumstances when a court should find that a defendant's prior conviction counts as a prior felony for purposes of presumptive sentencing under the revised criminal code. Alaska Statute 12.55.145(a)(2) provides:

(a) For purposes of considering prior convictions in imposing sentence under [the presumptive sentencing provisions of the revised code]

. . . .

(2) a conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law at the time the offense was committed is considered a prior felony conviction....

The state contends that Harlow was subject to sentencing as a second felony offender because Harlow's 1989 Oregon conviction for "unauthorized use of a vehicle" would be a felony under Alaska's third-degree criminal mischief statute, AS 11.46.-484. That statute provides in pertinent part:

(a) A person commits the crime of criminal mischief in the third degree if, having no right to do so or any reasonable ground to believe the person has such a right

. . . .

(2) the person drives, tows away, or takes the propelled vehicle of another;

. . . .

(b) Except as provided in (c) of this section, criminal mischief in the third degree is a class A misdemeanor.

(c) A person convicted under (a)(2) of this section is guilty of a class C felony if, within the preceding seven years, the person was convicted under

(1) the provisions of (a)(2) of this section;

. . . .

(5) a law or ordinance of this or another jurisdiction with elements substantially similar to those of the offenses described in (1)—(4) of this subsection.

It is undisputed that Harlow had two prior convictions for "unauthorized use of a vehicle" in Oregon and that these offenses were felonies in Oregon. However, Harlow argues that the Oregon offense does not have "elements similar to those of a felony defined as such under Alaska law." AS 12.55.145(a)(2). He points out that, for joy riding to qualify as a felony, the Alaska statute requires an additional element which the Oregon statute does not have: that the defendant has previously been convicted, within seven years, of a substantially similar joy riding offense. The state argued in the trial court, and argues on appeal, that because Harlow had had one previous conviction for "unauthorized use of a vehicle" in Oregon, the second Oregon offense constitutes the equivalent of an Alaska felony conviction. Judge Hodges accepted the state's argument, and sentenced Harlow as a second felony offender.

---

1. Judge Hodges found that "the facts surrounding the commission of the offense and any previous offenses by the defendant establish that the harm caused by the defendant's conduct is consistently minor and inconsistent with the imposition of a substantial period of imprisonment." AS 12.55.155(d)(13).

As a starting point, the state appears to concede that to convict a defendant of a felony under AS 11.46.484 the state must prove as an element of the offense that the defendant has a previous conviction for joy riding. The state's concession on this point appears proper in light of *Morgan v. State,* 661 P.2d 1102 (Alaska App.1983) (state must prove the existence of a previous conviction as an element of the offense in order to convict defendant of a class C felony for aggravated bootlegging).

We next consider the case of *Garroutte v. State,* 683 P.2d 262 (Alaska App.1984). In that case, the trial judge found that Garroutte was subject to presumptive sentencing because of a 1972 conviction for receiving and concealing stolen property. *Id.* at 268. However, the statute under which Garroutte had been convicted of receiving and concealing stolen property did not require the state to prove the value of the property. The Alaska Revised Criminal Code requires the value of the stolen property to exceed $500 in order to qualify as a felony. The trial judge conducted a factual inquiry and found that the actual value of the property which Garroutte stole in 1972 exceeded $500. He accordingly concluded that Garroutte's 1972 conviction was "substantially identical" to a felony under the revised code. Garroutte appealed, and we reversed. We stated:

> Since the elements of the receiving and concealing statute under which Garroutte was convicted in 1972 did not require proof of value, that offense differed substantially from current law and does not qualify as a prior felony conviction.

*Id.* at 269.

We note that *Garroutte* was decided under a former statute. Prior AS 12.55.145 provided in pertinent part:

> (a) For purposes of considering prior convictions in imposing sentence under this chapter
>
> . . . .

(2) a conviction in this or another jurisdiction of an offense having elements substantially identical to those of a felony defined as such under Alaska law is considered a prior felony conviction. . . .

This prior statute was replaced when the present statute was enacted in 1982. *Wasson v. State,* 652 P.2d 117, 118 and n. 1 (Alaska App.1982). The main difference between the two statutes, for purposes of this appeal, is that requiring a prior offense to have elements "substantially identical" appears to be more strict than requiring the prior offense to have elements "similar."

Nevertheless, both current and former AS 12.55.145 focus on the elements of the prior conviction. In *Garroutte,* where the prior offense did not require any proof of value, we stated that "that offense differed substantially" from an offense which required proof of value. 683 P.2d at 269. Similarly, in the instant case, where the Oregon statute did not require the state to prove a prior offense and the Alaska statute required the state to prove a prior offense, we cannot conclude that the Oregon and Alaska offenses have similar elements. We therefore hold that Judge Hodges erred in finding that Harlow's Oregon convictions for "unauthorized use of a vehicle" constituted a prior felony for presumptive sentencing purposes under AS 12.55.145. We accordingly reverse Harlow's sentence.[2]

The sentence is REVERSED.

---

2. Judge Hodges may, of course, consider these prior felony convictions generally in imposing sentence. As we stated in *Garroutte:* "Although his felony convictions do not qualify to trigger presumptive sentencing, they are highly relevant to his sentence in this case and could properly be considered by the sentencing court." 683 P.2d at 269.