Martha Jo **ROZKYDAL**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–6039.

Court of Appeals of Alaska.

May 30, 1997.

Cynthia L. Strout, Anchorage, for Appellant.

Leonard M. Linton, Jr., Assistant District Attorney, Kenneth J. Goldman, District Attorney, Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Martha Jo Rozkydal was convicted of first-degree theft, AS 11.46.120(a), for embezzling over $125,000 from her employer. She was sentenced to 4 years' imprisonment with 32 months suspended—that is, she received 16 months to serve. Rozkydal has now filed a sentence appeal with this court. The question is whether Rozkydal is entitled to appeal her sentence.

In 1995, the Alaska Legislature limited the right of sentence appeal by amending the sentence appeal statute, AS 12.55.120(a). *See* SLA 1995, ch. 79, §§ 7–8. Under the current version of the statute, defendants

convicted of felonies may appeal their sentences only if they receive more than 2 years to serve. The pertinent portion of the statute reads:

A sentence of imprisonment lawfully imposed by the superior court for a term or aggregate terms exceeding two years of unsuspended incarceration for a felony offense ... may be appealed to the court of appeals by the defendant on the ground that the sentence is excessive[.]

At the same time, the legislature enacted a corresponding limit on this court's jurisdiction to hear sentence appeals. *See* SLA 1995, ch. 79, §§ 11–12.[1]

As explained above, Rozkydal received only 16 months to serve. The State therefore asserts that Rozkydal has no right to appeal her sentence. Rozkydal concedes that the legislature has apparently eliminated her right to appeal her sentence. She argues, however, that the legislature's action denies equal protection of the law to felony defendants who receive 2 years or less to serve. Rozkydal also contends that the legislature's action denies due process of law to these defendants. Finally, Rozkydal contends that, regardless of how the legislature may try to restrict sentence appeals, the judiciary has an inherent power to review criminal sentences.

For the reasons explained in this opinion, we conclude that the legislative changes to AS 12.55.120(a) and AS 22.07.020(b) are constitutional and that Rozkydal has no right to appeal her sentence, either to this court or to the supreme court. However, we also conclude that Rozkydal retains the right to petition the Alaska Supreme Court to review her sentence. We therefore dismiss Rozkydal's appeal, but without prejudice to Rozkydal's filing a petition for review in the supreme court.

*The effect of the amendment to AS 12.55.120(a)*

■ Before addressing Rozkydal's constitutional arguments, it is important to clarify what was accomplished by the 1995 amendment to the sentence appeal statute. Certain legal concepts are key to our interpretation of the current statute: the definition of a "sentence appeal", and the distinction between an "appeal" and a "petition".

By its terms, AS 12.55.120 deals only with "sentence[s] of imprisonment lawfully imposed by the superior court" that are being appealed "on the ground that the sentence is excessive[.]" In order to interpret this language, we must look to a thirty-year-old decision of the Alaska Supreme Court: *Bear v. State*, 439 P.2d 432 (Alaska 1968).

In *Bear*, the supreme court held that, absent legislative authorization, it had no authority to review a lawful sentence "for abuse of discretion"—that is, for excessive severity or leniency. *Bear*, 439 P.2d at 435. The supreme court did not question its authority to decide cases in which the defendant claimed that the sentence was illegal, or cases in which the defendant claimed that the sentencing procedures were flawed. *Id.* at 436, 438. The issue presented in *Bear* was something different: whether the court had the authority to hear an appeal in which the defendant failed to allege any illegality in the sentence or the sentencing proceedings, but argued simply that a concededly legal sentence constituted an abuse of sentencing discretion. *Id.* at 434. The court ruled that it had no such authority.

The legislature responded to *Bear* the following year by enacting AS 12.55.120, a statute that explicitly granted the supreme court the authority to entertain sentence appeals. As the House Judiciary Committee explained in its report on the pending legislation (House Bill No. 281):

The majority of the courts have held that where a sentence imposed by a trial judge is within the limits prescribed by statute and otherwise lawful, an appellate court cannot review the discretion the trial judge exercised in determining the sen-

---

1. The current version of AS 22.07.020(b) provides:

Except as limited in AS 12.55.120, the court of appeals has jurisdiction to hear appeals of unsuspended sentences of imprisonment ex-

ceeding two years for a felony offense ... on the grounds that the sentence is excessive, or a sentence of any length on the grounds that it is too lenient.

tence, even though it may appear in retrospect to have been too severe or too lenient.

Enactment of [this legislation] would provide ... jurisdiction ... for appellate review of sentences in Alaska.

1969 House Journal 665.

We recognize that the term "sentence appeal" is not always used this narrowly. For instance, under current Alaska appellate practice, the "sentence appeals" filed under Appellate Rule 215 often include allegations that the sentencing proceedings were irregular or that the sentencing judge erred in making various factual and legal determinations affecting the range of authorized sentences. As an administrative matter, there is generally no problem with handling such appeals under the expedited procedures specified in Appellate Rule 215. In fact, this court encouraged this practice in *Juneby v. State*, 641 P.2d 823, 835 n. 18 (Alaska App. 1982).

However, the issue in Rozkydal's case is the scope of AS 12.55.120. In light of the legislative history described above, it is apparent that this statute was meant to authorize and govern a particular kind of appeal: appeals in which the defendant's sole assertion of error is that the sentencing judge abused his or her discretion by imposing too severe a sentence.

█ Now that we have clarified the type of appellate claim governed by AS 12.55.120, it is also important to clarify the type of restriction that this statute places on a defendant's ability to obtain appellate review of such claims. AS 12.55.120(a) declares that sentences of more than 2 years' imprisonment "may be appealed ... on the ground that the sentence is excessive[.]" To interpret this language, we must distinguish between an "appeal" and a "petition".

█ The right of "appeal" means the right to *require* an appellate court to review a lower court's decision. The right of "petition", on the other hand, means the right to *request* an appellate court to review a lower court's decision—a request which the appellate court may grant or deny as it sees fit. *See Kerttula v. Abood,* 686 P.2d 1197, 1200–

01 (Alaska 1984); *Morgan v. State,* 635 P.2d 472, 480–81 & n. 16 (Alaska 1981); *State v. Browder,* 486 P.2d 925, 929–931 (Alaska 1971).

In *Browder,* the supreme court dealt with a legal question analogous to the one presented in Rozkydal's case. The defendant in *Browder* was being prosecuted for contempt of court (for bringing a shotgun into a courtroom). The district court ruled that Browder was entitled to a jury trial, and the State sought appellate review of this ruling by filing a petition for review. One key issue in *Browder* was whether the State could employ a petition for review to seek appellate review of the trial court's ruling.

Under former AS 22.05.010 (as it existed in 1971), the legislature had placed substantial restrictions on the State's right of appeal in criminal cases: the State had no right of appeal except "to test the sufficiency of the indictment or [to assert] that the sentence [was] too lenient". *See Browder,* 486 P.2d at 929. Thus, under the governing statute, the State had no right to appeal the district court's jury trial order. Nevertheless, the supreme court concluded that the State could seek judicial review of the lower court's order through a petition for review:

[T]he limitation placed upon the state's right to appeal in a criminal case, found in AS 22.05.010, was intended to apply only to instances where our jurisdiction is ... invoked by appeal. AS 22.05.010 clearly distinguishes between appeals and other forms of review. Appeals are specifically limited, whereas the other forms of review authorized under AS 22.05.010 ... have no limitations placed on them.

*Browder,* 486 P.2d at 930. The supreme court noted that if AS 22.05.010 were construed to prohibit the court from reviewing any ruling in a criminal case except those rulings expressly made appealable, then the statute would raise serious constitutional problems under Article IV, Section 2 of the Alaska Constitution (the provision which declares the supreme court to be "the highest court of the State, with final appellate jurisdiction"). *Id.* at 931.

We believe that the supreme court's decision in *Browder* illuminates the proper construction of AS 12.55.120(a). The statute declares that felony sentences "may be appealed" only if they exceed 2 years to serve. The statute does not mention or purport to limit a defendant's right to petition a higher court for discretionary review of a sentence. Given *Browder*'s interpretation of an analogous statute (the statute limiting the State's right of appeal in criminal cases), we conclude that AS 12.55.120(a) should be interpreted in the same way. The statute eliminates certain felony defendants' right to "appeal" their sentence (that is, their right to require an appellate court to review the sentence), but these defendants retain the right to seek discretionary appellate review of a sentence by filing a petition for review. This right is explicitly recognized in Appellate Rule 215(a)(2):

> *Right to Seek Discretionary Review.* A defendant may seek discretionary review of an unsuspended sentence of imprisonment which is not appealable ... by filing a petition for review in the supreme court under Appellate Rule 402.

To summarize: The sentence appeal statute, AS 12.55.120, governs a particular type of appellate claim—instances in which the defendant concedes the legality of his or her sentence but contends that the severity of the sentence constitutes an abuse of discretion. The statute declares that a felony defendant may raise such a claim on appeal only if the challenged sentence exceeds 2 years to serve. However, because the statute does not restrict a defendant's right to petition for discretionary review of a sentence, and because this right is explicitly codified in Appellate Rules 215(a)(2) and 402(a)(1), we conclude that a felony defendant who receives a lesser sentence retains the right to seek discretionary review of that sentence by filing a petition for review in the supreme court.

Thus, under current Alaska statutes and court rules, Rozkydal does not have the right to appeal her 16–month sentence, but she does have the right to petition the supreme court to review it. Against this background,

we now assess Rozkydal's constitutional challenges to AS 12.55.120(a).

### *The constitutionality of AS 12.55.120(a)*

Rozkydal raises three constitutional challenges to AS 12.55.120(a). One of Rozkydal's arguments is that the judiciary has an inherent authority to review sentences, an authority that the legislature can not eliminate. However, as we explained in the previous section of this opinion, even after the 1995 amendment to AS 12.55.120(a), Alaska law still allows felony defendants who receive sentences of 2 years or less to seek discretionary review of their sentences. Given our construction of AS 12.55.120(a) and the supreme court's enactment of Appellate Rule 215(a)(2), Rozkydal's "inherent authority" argument is moot.

■ Rozkydal next argues that AS 12.55.120(a) violates the equal protection clause of the Alaska Constitution (Article I, Section 1) because, under the statute, felony defendants sentenced to serve 2 years or less are treated differently from felony offenders sentenced to serve more than 2 years. However, not all differences in treatment violate the equal protection clause. As the supreme court stated in *Gonzales v. Safeway Stores, Inc.*, 882 P.2d 389, 396 (Alaska 1994), the equal protection clause commands the legislature to give the same treatment to "those who are similarly situated":

> The common question in equal protection cases is whether two groups of people who are treated differently are similarly situated and thus entitled to equal treatment. Equal protection jurisprudence concerns itself largely with the reasons for treating one group differently from another[,] ... asking whether a legitimate reason for disparate treatment exists, and, given a legitimate reason, whether the enactment creating the [different treatment] bears a fair and substantial relationship to that reason. *State, Dep't of Revenue v. Cosio*, 858 P.2d 621, 629 (Alaska 1993).

*Gonzales*, 882 P.2d at 396 (footnote omitted).

Rozkydal argues that the recent amendment to the sentence appeal statute has created two groups of felony offenders: those

who can obtain appellate review of their sentences, and those who can not. However, as explained in the previous section, AS 12.55.120 does not restrict a defendant's ability to seek appellate review of illegalities in either the sentence or the sentencing process. Moreover, even when a defendant's appellate claim deals solely with the excessiveness of a legal sentence, the combination of AS 12.55.120(a) and Appellate Rule 215(a)(2) still gives all felony offenders the right to seek judicial review. The distinction drawn by AS 12.55.120(a) involves the right of "appeal"—the right to demand appellate review of a sentence. Under the statute, only felony offenders who receive more than 2 years to serve are entitled to demand appellate review of the sentencing decision, but felony offenders who receive lesser sentences are still entitled to seek discretionary review of the sentencing decision.

For purposes of equal protection analysis, then, the question is whether the legislature can give one group of felony offenders the right of sentence review upon demand, while at the same time requiring a second group of felony offenders to convince the appellate court that their sentence merits review. We note that, from the time sentence appeals were first authorized in Alaska, the right of sentence appeal has always depended on the length of a defendant's sentence. As originally enacted in 1969, AS 12.55.120 limited the right of sentence appeal to defendants who received sentences of 1 year or more. Seven years later, when the supreme court promulgated an appellate rule to govern sentence appeals, the court continued the practice of denying appeals to defendants who received lesser sentences—although the supreme court's cut-off was 45 days' imprisonment, considerably lower than the legislature's dividing line. *See Johnson v. State,* 816 P.2d 220, 221–22 (Alaska App.1991). Now, both AS 12.55.120(a) and Appellate Rule 215(a)(1) establish the cut-off for felony sentence appeals at 2 years' imprisonment.

We first must ask whether there is a valid purpose behind the legislature's decision to restrict the right of sentence appeal based on the length of a defendant's sentence. *Gonzales, supra.* The legislature's apparent purpose was to reduce the workload of the appellate courts and the workload of the prosecutors and defense attorneys funded by the state government. Rozkydal concedes that the legislature may properly concern itself with the cost and efficiency of state government. However, she contends that such concerns can not justify a statutory classification that denies some felony offenders the right to appellate review of their sentences. The next question, then, is whether the legislature's restriction of sentence appeals bears the necessary "fair and substantial relationship" to the legislature's goals. *Gonzales, supra.*

The aim of sentence review is to identify instances in which a judge has abused his or her admittedly broad sentencing discretion. *State v. Wentz,* 805 P.2d 962, 965 (Alaska 1991); *State v. Chaney,* 477 P.2d 441, 443 (Alaska 1970). In cases brought by defendants, the aim is to identify sentences that are excessive—sentences that are too severe as a matter of law.

The premise underlying any sentence appeal dividing line (whether that line is drawn at 45 days or at 2 years) is that lesser sentences are less likely to be excessive. If lesser sentences are less likely to constitute an abuse of discretion, then there is arguably less justification for conducting a full appellate review of each of these sentences. The legislative history of AS 12.55.120 shows that the legislature relied on this reasoning when it restricted felony sentence appeals to defendants receiving more than 2 years to serve.

Two years' imprisonment is the presumptive term for a second felony offender convicted of a class C felony—the lowest class of felony. *See* AS 12.55.125(e)(1). When a court sentences a defendant for a C felony, this 2-year presumptive term is the dividing line under *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981)—the case in which this court held that a first felony offender's sentence should be more favorable than the presumptive term established for second felony offenders unless the State proves aggravating factors under AS 12.55.155(c) or extraordinary circumstances under AS 12.55.165. *See also* AS 12.55.125(k).

When the legislature was considering the current 2-year dividing line for felony sentence appeals, the legislature relied on statistical information indicating that ninety percent of appeals from felony sentences of 2 years or less ended in affirmance. *See* 1995 House Journal 489–490 (reprinting the Governor's transmittal letter accompanying House Bill No. 201, the bill that contained the proposed amendment to AS 12.55.120). Thus, the legislature apparently concluded that felony sentences of 2 years or less were unlikely to constitute an abuse of sentencing discretion.

Rozkydal asserts that, regardless of the legislature's statistics, significant legal errors have often occurred in felony cases where defendants received 2 years or less to serve. In her brief, she lists eleven published opinions from the years 1981 to 1993, ten decided by this court and one decided by the supreme court, in which felony sentences of 2 years or less were reversed on appeal. However, in each of these cases the defendants' sentences were reversed because of illegalities in the sentencing process.[2] That is, none of these eleven cases was the kind of appeal governed by AS 12.55.120; all of these cases would be appealable under current law.

Rozkydal also contends that, even it could be shown that felony sentences of 2 years or less rarely involve an abuse of sentencing discretion, there would still be some instances of abuse, and it would still be unjust to deny those defendants the opportunity for sentence review. However, as explained above, Alaska law does not deny anyone the opportunity to seek sentence review. Instead, under AS 12.55.120(a) and Appellate Rule 215(a)(2), certain felony defendants (those who have been sentenced to 2 years or less) must seek sentence review by petition rather than by appeal. The effect of this procedural distinction is to require those defendants who receive lesser sentences to convince the appellate court that there is good reason to hear their case before the criminal justice system devotes the time and money required to pursue and decide a sentence appeal.

The real issue, then, is whether the government violates the equal protection guarantee when it grants a right of sentence appeal to defendants who receive severe sentences, leaving all other defendants with only the right to petition for review of their sentences. Rozkydal cites no authority on this issue. However, as we have already noted, Alaska law governing sentence appeals (both statutes and court rules) has consistently distinguished among defendants on this very basis—the length of the defendants' sentences—since 1969, the year that sentence appeals were first authorized.

Authority on this issue from other jurisdictions is sparse. However, the cases indicate that a state government may properly create procedural distinctions based on a defendant's sentence.

In *Massie v. Hennessey,* 875 F.2d 1386, 1389 (9th Cir.1989), the petitioner asserted that California denied him equal protection of the law by providing different appellate procedures for those defendants sentenced to death. The Ninth Circuit upheld California's appellate procedures. In *State v. Delgado,* 161 Conn. 536, 290 A.2d 338, 344–45 (1971),

---

**2.** In eight of these cases—*Lewis v. State,* 845 P.2d 447 (Alaska App.1993), *Reynolds v. State,* 736 P.2d 1154 (Alaska App.1987), *Tate v. State,* 711 P.2d 536, 538–540 (Alaska App.1985), *Shaisnikoff v. State,* 690 P.2d 25, 27–28 (Alaska App. 1984), *Fleener v. State,* 686 P.2d 730, 736–37 (Alaska App.1984), *Poggas v. State,* 658 P.2d 796, 798 (Alaska App.1983), *Sears v. State,* 653 P.2d 349, 350 (Alaska App.1982), and *McManners v. State,* 650 P.2d 414, 416 (Alaska App.1982)—the defendants' sentences were reversed for violation of the *Austin* rule (the rule that a first felony offender must receive a sentence more favorable than the presumptive term for second felony offenders unless the sentencing judge finds aggravating factors or extraordinary circumstances).

In *Harlow v. State,* 820 P.2d 307 (Alaska App. 1991), the sentencing judge mistakenly treated the defendant as a second felony offender, when the defendant's prior conviction from another state did not qualify under AS 12.55.145(a) as a prior felony conviction for purposes of Alaska sentencing law. In *DeHart v. State,* 781 P.2d 989, 990–92 (Alaska App.1989), the sentencing judge mistakenly ruled that the defendant was subject to a presumptive term. And in *Morris v. State,* 630 P.2d 13, 17–18 (Alaska 1981), the court upheld the length of the defendant's sentence but reversed because the sentencing judge utilized an improper legal standard in imposing sentence.

the Connecticut Supreme Court rejected an equal protection challenge to a statute which authorized sentence appeals for all defendants who received a prison term of at least one year, but which denied sentence appeals to murder defendants sentenced to death or life imprisonment under a special sentencing procedure.

More pertinent to the issue raised in Rozkydal's case, the New Jersey Supreme Court has upheld an expedited appeal process for sentence appeals—a streamlined procedure in which sentence appeals are decided without briefs, based solely on the record and on oral argument. *State v. Bianco*, 103 N.J. 383, 511 A.2d 600 (1986). The Texas Court of Appeals has rejected an equal protection attack on a statute which denies any right of appeal to defendants who receive deferred adjudications (a variant of the same idea as Alaska's suspended imposition of sentence). *Buchanan v. State*, 881 S.W.2d 376, 380 (Tex. App.1994). And the Washington Court of Appeals has rejected an equal protection challenge to a Washington statute that precludes defendants from appealing their sentence if they receive a sentence within a pre-defined standard range for their offense. *State v. Rousseau*, 78 Wash.App. 774, 898 P.2d 870 (1995), *review denied*, 128 Wash.2d 1011, 910 P.2d 482 (1996).

Having considered this matter, we conclude that the Alaska legislature's decision to restrict the right of sentence appeal to felony offenders receiving more than 2 years to serve bears a fair and substantial relationship to a legitimate government purpose. Under the *Austin* rule, sentences of less than 2 years need not be supported by aggravating factors or extraordinary circumstances. The information in front of the legislature was that the great majority of these sentences are affirmed on appeal. The legislature could validly conclude that the resources of the appellate courts, the Department of Law, the Public Defender Agency, and the Office of Public Advocacy would be better spent if appellate review of these lesser sentences were discretionary.

▮▮▮ For these same reasons, we reject Rozkydal's contention that the legislature's action violated her right to procedural due process. The essence of due process is a "meaningful opportunity to be heard". *Boddie v. Connecticut*, 401 U.S. 371, 377, 91 S.Ct. 780, 785, 28 L.Ed.2d 113, 118 (1971). Rozkydal has not shown that a petition for review to the supreme court would deny her a meaningful opportunity for sentence review.

▮▮▮ We likewise reject Rozkydal's argument that the legislature's action violated substantive due process (that is, her argument that there was no legitimate government purpose to support the legislature's action). *See Gonzales*, 882 P.2d at 397–98.

We emphasize that our decision is influenced in large measure by our conclusion that defendants receiving lesser felony sentences retain the right to petition for review under Appellate Rule 215(a)(2). We express no opinion regarding the legislature's authority to preclude all forms of sentence review for specific sentencing ranges or groups of criminal defendants.

*Conclusion*

Because Rozkydal received only 16 months to serve, she has no right to appeal her sentence. Accordingly, this appeal is DISMISSED. Rozkydal is entitled, however, to petition the supreme court to review her sentence under Appellate Rule 215(a)(2).

Given the circumstances, we exercise our authority under Appellate Rule 521 to relax Appellate Rule 403(h)(1), the rule that sets the time limits for petitioning for review of a non-appealable sentence. If Rozkydal wishes to petition the supreme court to review the superior court's sentencing decision, the time limits specified in Appellate Rule 403(h)(1) shall be calculated, not from the distribution date of the superior court's judgement, but rather from the date our decision takes effect. *See* Appellate Rule 512(a)(2).