Kyle C. ISON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6298.

Court of Appeals of Alaska.

June 13, 1997.

Robert F. Meachum, Assistant Public Defender, Juneau, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Thomas E. Wagner, Assistant District Attorney, Richard A. Svobodny, District Attorney, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Kyle C. Ison appeals the 2–year presumptive term he received for felony driving while intoxicated, AS 28.35.030(a) and 030(n); AS 12.55.125(e)(1). He questions the superior court's rulings on two of the mitigating factors listed in AS 12.55.155(d). Specifically, Ison asks us to reverse the superior court's rejection of mitigator (d)(9), to clarify the meaning of mitigating factor (d)(13), and to address the relationship between mitigators (d)(9) and (d)(13).

As a preliminary matter, the State questions Ison's right to appeal. The State relies on Alaska Appellate Rule 215(a), which declares that felony defendants can file a sentence appeal only if they received more than 2 years to serve. *See also* AS 12.55.120(a). Because Ison received exactly 2 years to serve, and not more, the State argues that Ison can not appeal his sentence.

However, Ison's appeal is not a "sentence appeal" governed by Appellate Rule 215(a) and AS 12.55.120(a). A sentence appeal is premised on the assumption that the defendant's sentence was lawfully imposed. In a sentence appeal, the defendant asserts that a lawful sentence is excessive— *i.e.*, that it constitutes an abuse of sentencing discretion. Ison, on the other hand, asserts that the sentencing court committed legal error during the sentencing process—that the court erred in construing and applying mitigating factors. As we recently explained in *Rozkydal v. State*, 938 P.2d 1091, 1093–94 (Alaska App.1997), such assertions of error are appealable regardless of the length of the defendant's sentence. We therefore turn to Ison's arguments.

■ At his sentencing, Ison proposed the mitigating factor codified in AS 12.55.155(d)(9)—that "the conduct constituting [his] offense was among the least serious conduct included in the definition of the offense". The superior court rejected this mitigator. We must affirm the sentencing court's ruling unless Ison shows that it is clearly erroneous. *Lepley v. State*, 807 P.2d 1095, 1099 n. 1 (Alaska App.1991).

Ison's argument on this point consists of one paragraph in which he views the evidence in the light most favorable to himself. The State's evidence suggested that Ison's offense was more serious than Ison construes it. Moreover, in his description of his conduct, Ison fails to mention that he was driving with a suspended license and that he physically resisted the officers when they arrested him. We uphold the superior court's ruling that Ison failed to prove mitigator (d)(9).

■ Ison next argues that, even if his offense was not among the least serious, the superior court still should have found mitigator (d)(13). Under AS 12.55.155(d)(13), a felony offense is mitigated for purposes of presumptive sentencing if

> the facts surrounding the commission of the [present] offense and any previous offenses by the defendant establish that the harm caused by the defendant's conduct is consistently minor and inconsistent with the imposition of a substantial period of imprisonment.

Ison argues that the superior court should have found this mitigator because Ison has never seriously hurt any person or any property.

At age 27, Ison already has a lengthy criminal history. He has three convictions for driving while intoxicated. He was convicted of felony criminal mischief in 1990 for causing damage to another's property. Ison served 18 months in prison for this prior felony. In addition, Ison has ten convictions for driving without a license, as well as convictions for speeding, reckless driving, misdemeanor assault, disorderly conduct, failure to appear, and contempt of court.

Ison asserts, however, that he has never caused substantial injury to people or damage to property. For this reason, Ison contends that his criminal history falls within the category described by mitigator (d)(13)— that "the harm caused by [his] conduct [has been] consistently minor", and that whatever harm he has caused is "inconsistent with the imposition of a substantial period of imprisonment".

Ison recognizes that this court has construed mitigator (d)(13) to encompass more than actual harm to persons or property. In *Jordan v. State*, 895 P.2d 994, 1000 & n. 8 (Alaska App.1995), we indicated that a sentencing court could properly reject mitigator (d)(13) based on the relative seriousness of the defendant's conduct (within the definition of the offense), as well as the risk of harm posed by the defendant's conduct. Ison argues that, to the extent *Jordan* allows a sentencing court to consider factors other than the actual harm caused by a defendant's conduct, *Jordan* is inconsistent with the language of mitigator (d)(13). He therefore asks us to reconsider our construction of the mitigator.

When construing a statute, our goal is to "ascertain and implement the intent of the legislature", *Millman v. State*, 841 P.2d 190, 194 (Alaska App.1992), as that intent is reflected in the statute's language, legislative history, and purpose. *Muller v. BP Exploration (Alaska) Inc.*, 923 P.2d 783, 787 (Alaska 1996). When a question of statutory construction arises, our duty is to adopt the construction that is "most persuasive in light of precedent, reason, and policy". *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

Mitigator (d)(13) was added by the legislature in 1980. *See* 1980 SLA ch. 102, sec. 41. The legislature included a commentary to mitigator (d)(13), but the commentary provides only one example of what the legislature intended the mitigator to achieve:

> One situation where this mitigator might be applicable is when the defendant has committed a number of felony property offenses, such as check forgeries, but they all involve relatively small amounts of money.

1980 Senate Journal, Supp. No. 44 (May 29), p. 26. At first blush, the legislature's example might be viewed as supporting Ison's argument. However, the legislature's example deals with an offense that is normally graded according to how much property damage is inflicted. This example leaves unanswered the question of how mitigator (d)(13) applies to crimes that are normally thought to justify substantial imprisonment even though they may involve no injury at all.

Take, for example, a disgruntled employee who tries to set fire to his employer's office building, but the accelerant fails to ignite. He is convicted of attempted arson and imprisoned. Upon his release, the employee procures a semi-automatic rifle, returns to his employer's office building, and sprays bullets through the cafeteria—miraculously inflicting no wounds. If the employee is now sentenced for assault, did the legislature intend for the employee's sentence to be mitigated because neither of his two crimes caused physical harm to persons or property?

Although Ison appears to argue that the answer is "yes", we believe it highly unlikely that the legislature intended such a result. Many crimes—from attempted murder and robbery to bribery and driving while intoxicated—do not require proof of physical injury or actual harm to property. These offenses are punished because of the risks they create, and because of the serious disruption of the social fabric they entail. Such risks and disruptions are "harms" for purposes of the criminal law:

> [The criminal law deals with the] harm which results from human conduct—social harm. With reference to this term, it [should] be mentioned that it is socially harmful not only to have a man murdered, a dwelling burglariously invaded, or property stolen, but also to have a conspiracy formed in the community, to have one member thereof challenge another to a duel, or offer to bribe an officer. In these latter instances, let it be emphasized, it is socially harmful to have such influences abroad in the community even if the criminal purpose of the conspiracy is not

achieved, the challenge is refused, and the bribe rejected.

R. Perkins & R. Boyce, *Criminal Law* (3rd ed. 1982), p. 11.

For these reasons, we reject Ison's contention that mitigator (d)(13) speaks only to physical harm to persons or property. Instead, we reiterate the construction of (d)(13) that we employed in *Jordan.* When a defendant proposes mitigator (d)(13)—that is, when a defendant asserts that his or her present and past offenses all involve harm that is "consistently minor" and that is "inconsistent with ... a substantial period of imprisonment"—the sentencing court can take into account not only the physical injury and harm to property inflicted by the defendant, but also the relative seriousness of the defendant's conduct and the risk of harm posed by the defendant's conduct.

Ison questions another aspect of the *Jordan* decision. We stated in *Jordan* that, because mitigator (d)(13) focuses on a defendant's past *and* present offenses, mitigator (d)(13) can not be proved unless the sentencing court finds that the defendant's present offense is among the least serious—in other words, unless the court finds that the defendant has proved mitigator (d)(9). Ison asks us to reconsider that holding. He argues that the harm caused by a defendant's crimes can be "consistently minor" and "inconsistent with ... a substantial period of imprisonment" even if the defendant's conduct in committing the present offense does not qualify as "among the least serious".

We conclude that it is unnecessary to resolve this issue. Under the circumstances of Ison's case, his argument is moot.

■ Ison was convicted of a felony because he is a recidivist drunk driver; he has been convicted three times within the past five years of driving while intoxicated. This, in itself, does not aggravate Ison's offense; it merely establishes it. However, leaving the DWI convictions to one side, Ison has repeatedly demonstrated that he will not obey society's rules governing driving. He has been convicted ten times of driving without a valid license, and he was driving with a suspended license on the present occasion. In

addition, Ison fought with the officers who arrested him; he had to be subdued with pepper spray. These circumstances do not suggest that Ison's present offense is either "minor" or "inconsistent with . . . a substantial period of imprisonment".

Moreover, to prove mitigator (d)(13), Ison must also show that the circumstances surrounding his past offenses are inconsistent with imposition of a substantial prison term. Ison served 18 months in prison for his first felony offense. The judge who sentenced Ison for that crime obviously did not believe that Ison's conduct on that prior occasion was "inconsistent with imposition of a substantial period of imprisonment", and Ison has not argued that that prior sentence was unduly harsh.

On this record, we conclude that the superior court would have been clearly erroneous to find mitigator (d)(13). Thus, even if there might be cases in which mitigator (d)(13) should apply even though the defendant's present offense is not among the least serious, Ison's case does not raise this issue.

The sentencing decision of the superior court is AFFIRMED.

COATS, J., dissenting.

COATS, Judge, dissenting.

Judge Carpeneti rejected Ison's proposed mitigating factor that "the facts surrounding the commission of the offense and any previous offenses by the defendant establish that the harm caused by the defendant's conduct is consistently minor and inconsistent with the imposition of a substantial period of imprisonment." This mitigating factor is set forth in AS 12.55.155(d)(13). In rejecting this proposed mitigating factor, Judge Carpeneti relied on our decision in *Jordan v. State*, 895 P.2d 994, 1000 (Alaska App.1995). In *Jordan* we stated:

> Alaska Statute 12.55.155(d)(13) calls for a two-prong determination: first, the court must determine on a case-by-case basis that the defendant's present and prior crimes are consistently minor; second, the court must find that the past and present crimes, taken as a whole, are inconsistent with a sub-stantial term of imprisonment. Because the first prong of factor (d)(13) focuses on the seriousness of [the defen-

dant's] current and past crimes, requiring a finding of minor harm for each offense, our conclusion that his current offense is not among the least serious in its class precludes finding that the mitigating factor has been established.

(Citations omitted.) Judge Carpeneti concluded that because he had rejected the "least serious conduct" mitigating factor, he was also required to reject the "consistently minor harm" mitigating factor under *Jordan*. Judge Carpeneti stated that, in the absence of the authority of *Jordan*, there was some possibility that he might have been able to find the existence of the "consistently minor harm" mitigating factor and might have concluded that it was appropriate to impose less than the presumptive term. He stated that he thought *Jordan* was not correctly decided but that he was obligated to follow the decision of a higher court.

It seems clear to me, to the extent that *Jordan* requires the trial court to find that the defendant's present offense "was among the least serious conduct included in the definition of the offense" in order to find the "consistently minor harm" mitigator, that *Jordan* is too rigid. In most cases where a defendant's current offense is a serious felony offense, the facts of the present offense would preclude finding "the harm caused by the defendant's conduct is consistently minor." However, where the defendant's present offense is not egregious it would be possible for a court to find that "the harm caused by the defendant's conduct is consistently minor" without having to find that his present offense "was among the least serious conduct included in the definition of the offense." For instance, a defendant might not have engaged in the least serious conduct in committing a class C felony, yet, in evaluating the offender's overall record, the judge could properly conclude that "the harm caused by the defendant's conduct is consistently minor and inconsistent with the imposition of a substantial period of imprisonment."

To rule that a defendant must establish that his present offense "was among the least serious conduct included in the definition of

the offense" before he can prove the "consistently minor harm" mitigator tends to read that mitigator out of existence. It becomes a "make weight" mitigator which can exist only if the court finds a prior mitigating factor. It seems clear to me that this is not what the legislature intended. The "consistently minor harm" mitigator asks the court to focus on the defendant's overall conduct rather than merely his conduct in his current offense. The focus of the court's attention is different and the court should be able to find that "the harm caused by the defendant's conduct is consistently minor" without having to find that his present offense "was among the least serious conduct included in the definition of the offense." In my view we should explicitly say this to clarify the overbroad language.

After clarifying the *Jordan* decision, I would then remand the case to Judge Carpeneti to redetermine the application of the mitigating factor. Sentencing is primarily a trial court function. Trial judges are generally in a much better position than we are to evaluate offenders, current and prior offenses, and prospects for rehabilitation. In my view, as an appellate court, we should defer to the trial court's primary role in sentencing and remand the case to Judge Carpeneti to reevaluate the sentence.