**STATE of Alaska, Appellant,**

v.

**Ralph M. WINTERS, III, Appellee.**

**STATE of Alaska, Appellant,**

v.

**David S.J. GOODMANSON, Appellee.**

**Nos. A–6216, A–6263.**

Court of Appeals of Alaska.

Aug. 29, 1997.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Daniel Lowery, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellees.

Before COATS, C.J., MANNHEIMER, J., and JOANNIDES, District Court Judge.*

COATS, Chief Judge.

Ralph M. Winters III and David S.J. Goodmanson pleaded no contest to driving while intoxicated (DWI) in violation of AS 28.35.030 on January 24, 1996, and February 22, 1996, respectively. Winters had three prior convictions for DWI, from 1990, 1993

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

and 1994. Goodmanson also had three prior convictions for DWI, one in 1990 and two in 1992.

At the time of Winters' and Goodmanson's 1996 convictions, AS 28.35.030(n) provided:

(n) A person is guilty of a class C felony if the person is convicted of driving while intoxicated and has been previously convicted two or more times. For purposes of determining if a person has been previously convicted, the provisions of (o)(4) of this section apply, except that only convictions occurring within five years preceding the date of the present offense may be included. Upon conviction the court

(1) shall impose a fine of not less than $5,000 and a minimum sentence of imprisonment of not less than

(A) 120 days if the person has been previously convicted twice;

(B) 240 days if the person has been previously convicted three times;

(C) 360 days if the person has been previously convicted four or more times. . . .

The parties all agree that Winters and Goodmanson were guilty of a class C felony under this statute, but they disagree as to the mandatory minimum sentence the two defendants faced.

■ Winters and Goodmanson argue that because they each had only two prior convictions occurring within the five years preceding their present offenses, their mandatory minimum sentence is 120 days. The superior court, Judge William H. Fuld, agreed with the defendants. Judge Fuld sentenced Winters to twenty months with thirteen months suspended (210 days to serve), and Goodmanson to two years with seventeen months suspended (210 days to serve).

The state appeals the judgments, arguing that Winters' and Goodmanson's sentences are illegal. The state asserts that, under the statute, the mandatory minimum term for persons with three previous DWI convictions was 240 days. The state relies on paragraph (o)(4) of the statute, which includes all DWI convictions within the preceding ten years in the definition of "previously convicted."[1] If all convictions within the preceding ten years are considered, Winters and Goodmanson have each been "previously convicted" three times of DWI.

The parties' dispute centers on this provision of former AS 28.35.030(n):

For purposes of determining if a person has been previously convicted, the provisions of (o)(4) of this section apply, except that only convictions occurring within five years preceding the date of the present offense may be included.

The state argues that this sentence modified only the preceding sentence of the statute, which said that a person convicted of DWI is guilty of a class C felony if he or she had been "previously convicted" two or more times. Winters and Goodmanson argue that the provision in question modified all of paragraph (n) of the statute, including the succeeding provision that upon conviction the court shall impose a minimum sentence of imprisonment of not less than "120 days if the person has been previously convicted twice" and "240 days if the person has been previously convicted three times."

The state construes the statute in favor of what it sees as the obvious legislative intent to subject those convicted of felony DWI to greater penalties than those convicted of misdemeanor DWI. Winters and Goodmanson read former paragraph (n) as plainly stating that only those convictions occurring within the preceding five years are considered in determining the previous convictions of persons covered by that paragraph.

■ The language of former AS 28.35.030(n) supports Winters and Goodman-

---

1. AS 28.35.030(o)(4) provides:

(o) In this section,

. . . .

(4) "previously convicted" means having been convicted in this or another jurisdiction, within 10 years preceding the date of the present offense, of any of the following offenses; however, convictions for any of these offenses,

if arising out of a single transaction and a single arrest, are considered one previous conviction:

(A) operating a motor vehicle, aircraft or watercraft while intoxicated . . .

(B) refusal to submit to a chemical test . . .

(C) operating a commercial motor vehicle while intoxicated. . . .

son's position. The phrase "previously convicted" appears five times in the paragraph. The direction to consider only convictions occurring within the preceding five years in determining if a person has been previously convicted is unqualified. Nothing in the language of the paragraph suggests that this clause applies only to the single occurrence of the phrase "previously convicted" in the sentence immediately preceding it, and not to the three occurrences of "previously convicted" in the sentence immediately succeeding it. As the state points out, our reading of the former statute may result in some felony DWI offenders being subject to less severe mandatory minimum sentences than are misdemeanor offenders with the same number of prior convictions. However, the statutory provisions at issue here deal only with mandatory minimum sentences. Nothing in AS 28.35.030 prevents a sentencing judge from considering the defendant's entire record of prior convictions and imposing a sentence commensurate with the defendant's criminal history, as Judge Fuld did in Winters' and Goodmanson's cases. Regardless of whether they impact the mandatory minimum sentence, all prior convictions are relevant at sentencing, and are properly considered by the sentencing court. *Burnette v. Munici-* *pality of Anchorage,* 823 P.2d 10, 14 n. 4 (Alaska App.1991); *Harlow v. State,* 820 P.2d 307, 309 n. 2 (Alaska App.1991); *Garroutte v. State,* 683 P.2d 262, 269 (Alaska App.1984).

■ To the extent that the statute may have been ambiguous, the state mistakenly construes the ambiguity against the defendants. Ambiguities in penal statutes are strictly construed against the state. *Brookins v. State,* 600 P.2d 12, 17 (Alaska 1979); *State v. Rastopsoff,* 659 P.2d 630, 640 (Alaska App.1983).

The superior court did not err in ruling that Winters and Goodmanson were each subject to a mandatory minimum sentence of 120 days under former AS 28.35.030(n), based on two previous convictions within the preceding five years.[2]

The judgments of the superior court against Winters and Goodmanson are AFFIRMED.

**2.** In an amendment effective November 8, 1996, the legislature rewrote AS 28.35.030(n) to cure the potential ambiguity at issue in this case. The subsection now reads, in relevant part:

    (n) A person is guilty of a class C felony if the person is convicted of driving while intoxicated and has been previously convicted two or more times within the five years preceding the date of the present offense. For purposes of determining minimum sentences based on previous convictions, the provisions of (*o*)(4) of this section apply.

The statute now makes it clear that all convictions within the preceding ten years are used in calculating the mandatory minimum sentence for felony DWI.