**Ronald E. ROSS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6290.**

Court of Appeals of Alaska.

Dec. 26, 1997.

Rehearing Denied Jan. 30, 1998.

588

Colleen A. Kosluchar, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

### OPINION

MANNHEIMER, Judge.

The offense of driving while intoxicated (DWI) has traditionally been a misdemeanor, but in 1995 the Alaska Legislature made this

offense a class C felony for defendants with two prior convictions for either DWI or breath-test refusal within the preceding five years. *See* AS 28.35.030(n), enacted by 1995 SLA ch. 80, § 7. The main issue raised in this appeal is whether the existence of the defendant's two prior convictions is an element of the crime of felony DWI, or is instead merely a factor that enhances the defendant's sentence. For the reasons explained below, we hold that the existence of the two prior convictions is an element of the crime.

 In their briefs to this court, the parties to this appeal discuss one other issue that is related to the question of whether the prior convictions are an element of the crime. This second issue is whether a defendant on trial for felony DWI has a right to have the trial judge assume the role of trier of fact on the issue of the prior convictions—and to keep all evidence of the prior convictions away from the jury. We conclude that we need not decide this issue for two reasons: first, because it was not preserved for appeal; and second, because the appellant has not demonstrated that he was prejudiced by the manner in which evidence of his prior convictions was presented to the jury.

Ronald E. Ross was tried for felony DWI in the Fairbanks superior court. He was charged with driving while intoxicated on the evening of October 18, 1995; the offense was charged as a felony because Ross had been convicted of DWI in 1991 and again in 1993.

Just before the trial began, Ross asked Superior Court Judge *pro tem.* Charles R. Pengilly to keep all evidence of the prior DWI convictions from the jury. Ross argued that his prior convictions were not an element of the offense—that the prior convictions were relevant only to sentencing (in the event the jury found Ross guilty of the current DWI). Ross told Judge Pengilly that, because the prior convictions were a sentencing factor and not an element of the crime, it was the judge's role, not the jury's, to decide whether Ross had previously been convicted.

Judge Pengilly rejected Ross's request because he concluded that the existence of prior convictions was indeed an element of the offense, something that the State would have

to prove to the jury beyond a reasonable doubt. The judge did, however, agree with Ross that evidence of the prior convictions posed a danger of unfair prejudice. He suggested that this risk of prejudice could be minimized if Ross and the State stipulated to the bare facts of the prior convictions.

Ross chose to pursue this option. He and the prosecutor agreed that a short statement concerning the prior convictions would be read to the jury during trial and then reiterated in the jury instructions at the end of the trial. In accordance with this agreement, Judge Pengilly told the jury:

> Ladies and gentlemen, the State and the defense have reached a stipulation[.] ... The parties have agreed that Mr. Ross was convicted of DWI on February 28, 1991, and again ... on August 6, 1993. Given that the parties have agreed to those facts, you can take those facts as having been conclusively proven.

The issue of Ross's prior convictions came up one more time, during the prosecutor's summation to the jury. Ross had taken the stand at trial and had testified that he consumed only a small amount of alcohol on the evening in question. In his rebuttal argument, the prosecutor suggested to the jury that they should not believe Ross's testimony, in part because Ross had been convicted twice of DWI within the preceding five years. Ross objected. Judge Pengilly sustained the objection and immediately instructed the jurors that evidence of Ross's prior convictions had been admitted solely for the purpose of establishing the "prior convictions" element of the offense. Judge Pengilly told the jurors that they were not to consider Ross's prior convictions when deciding whether Ross had committed DWI on the evening charged in the indictment:

> It's inappropriate to infer that a defendant is guilty on this occasion based on the fact that he has done something similar in the past. So, to the extent that [the prosecutor's] argument suggests [this], you should disregard it.

 On appeal, Ross renews his argument that the existence of prior convictions is not an element of the offense of felony DWI, but

rather a penalty-enhancing factor to be decided by the judge. We conclude, however, that AS 28.35.030(n) codifies a discrete offense of felony driving while intoxicated, and the existence of two prior convictions within the preceding five years is an element of that offense.

This court addressed an analogous statutory construction problem in *Morgan v. State,* 661 P.2d 1102 (Alaska App.1983). The statute at issue in *Morgan* was former AS 4.16.200(b), which made bootlegging (sale of liquor without a license) a felony offense under certain conditions. One of those conditions was that the defendant had previously been convicted of bootlegging.[1]

Morgan was charged with felony bootlegging under this provision. However, because the State viewed Morgan's prior conviction as a sentence-enhancement factor rather than an element of the offense, the State drafted an indictment that did not include any allegation concerning Morgan's prior conviction, and the State presented no evidence of the prior conviction to the grand jury. *Morgan,* 661 P.2d at 1103. Morgan attacked the indictment on this basis, but the trial judge agreed with the State that Morgan's prior conviction was not an element of the offense. *Id.* Later, Morgan asked to have the jury determine the existence of his prior conviction. The trial judge rejected Morgan's request and decided the prior conviction issue himself. *Id.*

On appeal, this court held that AS 4.16.200(b) created the substantive offense of felony bootlegging, with the existence of a prior conviction constituting one element of that offense. *Id.* Because a defendant is entitled to have the grand jury and the petit jury decide all essential elements of the charged offense, this court held that Morgan's trial judge should have dismissed the indictment, and that the judge later erred "in not permitting the trial jury to decide whether the state had proved beyond a reasonable doubt the prior conviction element of this offense." *Id.* We noted that the structure of the statute indicated the legislature's inten-

tion to create a separate felony offense. *Id.* Moreover, to the extent that the wording of the statute might be ambiguous on this point, we expressed our hesitancy to construe a penal statute so as to deny a defendant the right to grand jury and petit jury determination of all essential factual issues. *Id.* at 1104.

█ Guided by *Morgan,* we construe AS 28.35.030(n) as codifying a separate felony offense. Even more clearly than the structure of former AS 4.16.200(b), the structure of AS 28.35.030 evinces the legislature's intention to create two discrete crimes of driving while intoxicated—the traditional misdemeanor offense codified in subsection (a) and an aggravated, felony-level offense for repeat offenders codified in subsection (n). The misdemeanor offense has one set of penalties, listed in subsection (b), and the felony offense has a separate set of penalties, listed in subsection (n). Moreover, as in *Morgan,* we hesitate to construe a criminal statute so as to deny defendants the right to grand jury indictment and jury trial on an important element of the State's case.

█ Recently, in *State v. Winters,* 944 P.2d 54 (Alaska App.1997), we held that AS 28.35.030(b) and 030(n) constitute separate and independent (albeit parallel) sentencing provisions. An implicit premise of this holding is that AS 28.35.030(a) and AS 28.35.030(n) codify separate offenses. We now make that premise explicit. We hold that a defendant's prior convictions are an essential element of the offense of felony driving while intoxicated under AS 28.35.030(n). To obtain an indictment for this offense, the State must present evidence of a defendant's prior convictions to the grand jury. To obtain a conviction for this offense at trial, the State must convince the trier of fact of the defendant's prior convictions beyond a reasonable doubt.

It follows that, in the present case, Judge Pengilly correctly rejected Ross's argument that the prior convictions were merely factors to be considered by the court at sentenc-

---

1. Under former AS 4.16.200(b)(1), a person who sold liquor without a license in a local-option area was "guilty of a class C felony ... if [the person] ha[d] previously been convicted of a violation of AS 4.11.010" (*i.e.,* convicted of selling liquor without a license).

ing. The existence of Ross's prior convictions is an element of the offense, and thus was an issue of fact for the jury.

■ Ross argues in the alternative that, even if the existence of prior convictions is an element of the offense, evidence of Ross's prior offenses was presented to the jury in a manner that fatally prejudiced the fairness of his trial. This argument is not preserved. As described above, after Judge Pengilly rejected Ross's argument that the prior convictions were merely sentencing factors, Ross agreed to submit a stipulation to the jury rather than have the prior convictions actively litigated. Ross can not now attack the wording that he agreed to.

■ Moreover, the stipulation in this case did little more than inform the jury of the existence and dates of Ross's prior convictions. This procedure—providing the jury with a bare-bones stipulation concerning a defendant's prior convictions—was suggested by this court in *Morgan*, 661 P.2d at 1104 n. 4, citing *Mead v. State*, 445 P.2d 229, 234 (Alaska 1968). We therefore find no plain error in the procedure of giving Ross's jury a sparse stipulated description of the defendant's prior convictions.

■ It is true that the prosecutor, in his summation to the jury, urged the jury to draw an unfair inference from Ross's prior convictions. However, as described above, Ross objected to the prosecutor's argument and Judge Pengilly sustained the objection, emphasizing his ruling with a curative instruction to the jury.

In one conclusory sentence in his reply brief, Ross asserts that this instruction was ineffective to cure the problem. But in *Azzarella v. State*, 703 P.2d 1182, 1186 (Alaska App.1985), this court upheld a similar curative instruction given by the prosecutor at grand jury; in light of that curative instruction, we concluded that the grand jury record yielded "no reason to believe that the grand jury used the evidence of the prior convictions for purposes other than the one for which it was expressly intended". Similarly, in Ross's case, Judge Pengilly correctly instructed the jury on the permissible and impermissible uses of the prior conviction

evidence, and the record gives no indication that the trial jury disregarded the judge's instruction. Moreover, we note that Ross never asked for any different instruction or for any other remedy.

In sum, we uphold Judge Pengilly's ruling that Ross's prior convictions were an element of the offense, and we uphold Judge Pengilly's method for minimizing the problems inherent in having the jury decide this issue. The judgement of the superior court is AFFIRMED.

However, we wish to emphasize the limited nature of our ruling:

First, the issue presented in Ross's case does not arise if a defendant's prior convictions are relevant for some purpose other than to establish the "prior convictions" element of felony DWI. If the defendant's prior convictions are relevant for some other purpose, *see* Alaska Evidence Rule 404(b), and if the trial judge concludes that the probative value of this evidence is not outweighed by the danger of unfair prejudice, *see* Alaska Evidence Rule 403, then the jury can of course hear evidence of the prior convictions. The problem we address here arises only in cases like Ross's, where the prior convictions have no relevance other than to prove the "prior convictions" element of the crime.

Second, we do not hold that the stipulation used in Ross's case is the only correct method for dealing with the issue of the defendant's prior convictions in such cases. Nor do we hold that it is the best method. We hold only that it is a permissible method, and that it was a fair method under the facts of Ross's case.

We note that a defendant's willingness to stipulate to prior convictions does not answer the question of who will be the trier of fact on this element of the crime. Criminal cases are decided by jury unless the defendant waives the right to jury trial and the government consents to have the case tried to the court. In a jury trial, even when the parties reach a stipulation concerning the defendant's prior convictions, the stipulation will be presented to the jury, and the jury will decide the prior convictions element.

It is possible that a defendant might offer to waive the right to jury trial on the prior convictions element of the offense. This waiver could not be made through counsel; it would have to be made by the defendant personally. *See McGlauflin v. State,* 857 P.2d 366, 368–69 (Alaska App.1993). If the defendant waives jury trial on the prior convictions element, and if the State is likewise willing to have the trial judge decide this element, then we see no reason why this element should not be tried to the court. If, however, the State is not also willing to waive jury trial on the element of the defendant's prior convictions, then the defendant's offer to waive jury trial would raise another unresolved question: whether a defendant can unilaterally waive jury trial on one or more elements of a criminal charge. *See* Alaska Criminal Rule 23(a); *Horton v. State,* 758 P.2d 628 (Alaska App.1988).

Another way of dealing with this problem—one that we recommend to judges in the future—is to bifurcate the trial. In a bifurcated trial, the jury would first decide whether the defendant was guilty of driving while intoxicated on the date specified in the indictment; if the jury found the defendant guilty, the same jury would then decide the issue of the defendant's prior convictions. This solution would preserve both parties' right to a jury determination of all issues, while at the same time avoiding the potential for unfair prejudice that would otherwise be posed by evidence of the defendant's prior convictions. Moreover, this solution works equally well regardless of whether the defendant is willing to stipulate to the prior convictions or wishes to contest them.