**Joseph J. HUNT, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–7706.**

Court of Appeals of Alaska.

Feb. 9, 2001.

Kirsten Bey, Assistant Public Defender, Nome, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

John R. Vacek, District Attorney, Nome, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

---

**32.**  *Broadribb,* 956 P.2d at 1229.

**33.**  *Sanders,* 902 P.2d at 319.

## OPINION

MANNHEIMER, Judge.

Joseph J. Hunt pleaded no contest to fourth-degree controlled substance misconduct (possession of one ounce or more of marijuana for purposes of sale).[1] This offense is a class C felony.[2] Because Hunt had a prior felony conviction, he faced a presumptive term of 2 years' imprisonment.[3]

Superior Court Judge Ben Esch found that Hunt had proved one mitigating factor: AS 12.55.155(d)(14)—that Hunt's offense involved a small quantity of the controlled substance. However, Judge Esch declined to reduce Hunt's term of imprisonment on account of this mitigator. Instead, he imposed the 2–year presumptive term. Hunt now appeals this sentence, contending that Judge Esch should have adjusted his sentence downward because of the mitigating factor.

■ Whether, or how much, a presumptive term should be adjusted on account of aggravating and mitigating factors is a matter of sentencing discretion. That discretion is governed by the *Chaney*[4] sentencing factors now codified in AS 12.55.005.[5] For this reason, the sentencing judge's decision is reviewed under the "clearly mistaken" standard.[6] But in Hunt's case, this court does not have jurisdiction to reach the issue of whether Judge Esch's decision is clearly mistaken.

In 1995, the legislature limited felony offenders' right of sentence appeal by amending AS 12.55.120(a).[7] Under the current version of AS 12.55.120(a), felony offenders may appeal their sentences only if they received "a term or ... aggregate terms *exceeding*

two years of unsuspended incarceration". (Emphasis added) In the same session, the legislature also enacted a corresponding limit on this court's jurisdiction to hear sentence appeals.[8]

In *Rozkydal v. State*[9], we clarified that AS 12.55.120(a) does not restrict defendants from appealing procedural irregularities in their sentencing proceedings.[10] Likewise, the statute does not restrict defendants from appealing a sentencing judge's factual findings or legal rulings that affect the range of authorized sentences.[11]

■ But Hunt does not claim that Judge Esch committed any legal error or made unsupported factual findings. Indeed, Judge Esch ruled in Hunt's favor on the contested mitigating factor. Instead, Hunt argues that when all the circumstances of his case are considered in light of the *Chaney* criteria, his sentence of 2 years to serve is excessive— "clearly mistaken". That is, Hunt's "sole assertion of error is that the sentencing judge abused his ... discretion by imposing too severe a sentence."[12] Hunt's appeal is therefore a "sentence appeal" within the meaning of AS 12.55.120(a), as interpreted in *Rozkydal.* And because Hunt did not receive a sentence of more than 2 years to serve, he has no right to appeal.

Accordingly, Hunt's appeal is DISMISSED.

■ However, Hunt is entitled to petition the supreme court to review his sentence. Given the circumstances of this case, we exercise our authority under Appellate Rule 521 to relax Appellate Rule 403(h)(1), the rule that sets time limits for petitioning for

1. AS 11.71.040(a)(2).

2. AS 11.71.040(d).

3. AS 12.55.125(e)(1).

4. *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

5. *See Juneby v. State*, 641 P.2d 823, 835 & n. 21, 838 (Alaska App.1982) (the amount of sentence adjustment for aggravating and mitigating factors should be assessed in light of the *Chaney* criteria); this principle was reiterated *on rehearing*, 665 P.2d 30, 32–33 (Alaska App.1983).

6. *See Lepley v. State*, 807 P.2d 1095, 1099 n. 1 (Alaska App.1991).

7. *See* SLA 1995, ch. 79, §§ 7–8.

8. *See* SLA 1995, ch. 79, §§ 11–12.

9. 938 P.2d 1091 (Alaska App.1997).

10. *See id.* at 1094.

11. *See id.*

12. *Rozkydal*, 938 P.2d at 1094.

review of a non-appealable sentence. If Hunt wishes to petition the supreme court to review the superior court's sentencing decision, the time limits specified in Appellate Rule 403(h)(1) shall be calculated, not from the distribution date of the superior court's judgement, but from the effective date of our decision in this case. (For that effective date, see Appellate Rule 512(a)(2).)