Rocky N. SEAMAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3956.

Court of Appeals of Alaska.

Feb. 7, 1992.

Carol A. Brenckle, Kenai, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage,

and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and MICHALSKI, Superior Court Judge.*

## OPINION

COATS, Judge.

Rocky N. Seaman was convicted, based upon his plea of no contest, of custodial interference in the first degree, a class C felony. AS 11.41.320. In entering his plea, Seaman reserved his right to appeal Superior Court Judge Charles K. Cranston's denial of his motion to dismiss. Seaman argued in the trial court that the prosecution against him for custodial interference in Alaska was barred by the double jeopardy provision of the Alaska Constitution, Alaska Const. art. 1, § 9, and by AS 12.20.010 because Seaman had previously pled and been sentenced for custodial interference in the State of Arizona. Seaman appeals Judge Cranston's denial to this court. We affirm.

On December 15, 1987, the Anchorage Superior Court awarded custody of Seaman's minor child, S.S., to the child's mother. On January 27, 1989, a Kenai grand jury indicted Seaman as follows:

That on or about [the] 2nd day of August, 1988, at or near Kenai, in the Third Judicial District, State of Alaska, Rocky N. Seaman did knowingly, being the relative of a child under 18 years of age, and knowing that he had no right to do so, did keep S.S. from his lawful custodian and did cause the child to be removed from the state with the intent to hold the child for a protracted period.

Seaman was arrested in Arizona on March 9, 1990. An Arizona grand jury indicted Seaman with four counts of drug offenses, three counts of forgery, and one count of custodial interference as follows:

On or about March 9, 1990, while at 1274 West Pima, Lot 102, Pinetop/Lakeside, Arizona, Rocky N. Seaman, knowing or having reason to know that he had no legal right to do so, kept 5 year old [S.S.], his son, who was entrusted by the authority of law to the custody of [the] natural mother, a class 6 felony, in violation of A.R.S. § 13–1301 and 13–1302.

On May 29, 1990, Seaman entered into a plea agreement on the Arizona indictment. As part of the plea agreement, Seaman was convicted on the custodial interference charge. On May 31, Seaman was assessed a fine and remained in jail until Alaskan authorities arrived and transported Seaman to Alaska on June 7.

On August 10, 1990, Seaman moved to dismiss the custodial interference charge of the Kenai indictment on statutory and constitutional double jeopardy grounds. Seaman argued that his plea to custodial interference in Arizona barred prosecution for custodial interference in Alaska. The state responded that the two custodial interference indictments alleged separate and distinct charges. Judge Cranston denied Seaman's motion to dismiss on September 25 and Seaman's motion for reconsideration on October 23. Seaman pled no contest to custodial interference on November 5, 1990, and now appeals the denial of his motion to dismiss.

At oral argument in this case, Seaman's counsel conceded that AS 12.20.010 provided broader protection from prosecution by both Arizona and Alaska than did article 1, section 9 of the Alaska Constitution. We believe that counsel's concession is meritorious. Under the Alaska cases on article 1, section 9, the state can prosecute for separate charges if it can show that the defendant committed separate acts. *See Whitton v. State*, 479 P.2d 302, 312 (Alaska 1970); *Yearty v. State*, 805 P.2d 987, 993–96 (Alaska App.1991); *Rodriguez v. State*, 741 P.2d 1200, 1206–08 (Alaska App.1987). Therefore Seaman's argument turns on AS 12.20.010.

■ Seaman argues that the trial court erred in denying his motion to dismiss because AS 12.20.010 barred prosecution for custodial interference because Seaman had already pled to and been sentenced for custodial interference in Ari-

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

zona. This court will determine matters of statutory interpretation without deference to the trial court, adopting the rule of law most persuasive in light of precedent, policy, and reason. *Zsupnik v. State*, 789 P.2d 357, 359 (Alaska 1990). Ambiguities in criminal statutes must be narrowly read and construed strictly against the government. *State v. Andrews*, 707 P.2d 900, 907 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986).

Alaska Statute 12.20.010 provides as follows:

> When an act charged as a crime is within the jurisdiction of the United States, another state, or a territory, as well as of this state, a conviction or acquittal in the former is a bar to the prosecution for it in this state.

Clearly, Seaman cannot be prosecuted for "an act charged as a crime" in Alaska if that "act" is also within the jurisdiction of Arizona and Seaman has been convicted in Arizona. The crucial issue in this case is whether Arizona convicted for the same "act" that Seaman was prosecuted for in Alaska.[1]

 When a defendant engages in a continuous criminal episode it can be difficult for a court to properly separate the conduct into separate criminal offenses. *See Yearty*, 805 P.2d at 995. However, in the instant case, it seems plain that the Alaska custodial interference charge and the Arizona custodial interference charge describe separate acts. The Alaska conviction was for Seaman's act of taking S.S. from the state of Alaska on or about August 2, 1988. The Arizona conviction was for custodial interference on or about March 9, 1990, over one and one-half years after Seaman removed S.S. from Alaska, and was based upon Seaman's act of keeping his son from the lawful custody of the son's natural mother. It seems clear to us that the two charges encompass different acts and could support different charges. We accordingly affirm Seaman's conviction.

The conviction is AFFIRMED.

MANNHEIMER, J., not participating.

---

**1.** Alaska Statute 11.41.320 provides:

(a) A person commits the crime of custodial interference in the first degree if the person violates AS 11.41.330 and causes the victim to be removed from the state.

(b) Custodial interference in the first degree is a class C felony.

Alaska Statute 11.41.330 provides:

(a) A person commits the crime of custodial interference in the second degree if, being a relative of a child under 18 years of age or a relative of an incompetent person and knowing that the person has no legal right to do so, the person takes, entices, or keeps that child or incompetent person from a lawful custodian with intent to hold the child or incompetent person for a protracted period.

(b) Custodial interference in the second degree is a class A misdemeanor.

Arizona Revised Statute 13–1302 provides in part:

A. A person commits custodial interference or visitation interference if, knowing or having reason to know that he has no legal right to do so, such person knowingly takes, entices or keeps from lawful custody or specified visitation any child less than eighteen years of age or incompetent, entrusted by authority of law to the custody of another person or institution.

. . . .

C. If committed by a parent or agent of a parent of the person taken, custodial interference is a class 6 felony unless the person taken, enticed or kept from lawful custody or visitation is returned voluntarily by the defendant without physical injury prior to arrest in which case it is a class 1 misdemeanor.