**STATE of Alaska, Appellant,**

v.

**Harold L. LOWRENCE, Appellee.**

**STATE of Alaska, Appellant,**

v.

**Maurice J. HEFFERNAN, Appellee.**

**STATE of Alaska, Appellant,**

v.

**Joyce E. MILLER, Appellee.**

**STATE of Alaska, Appellant,**

v.

**John O. CORNELL, Appellee.**

**STATE of Alaska, Appellant,**

v.

**Marvin W. HUSKE, Appellee.**

Nos. A–4365, A–4370 to A–4372 and A–4411.

Court of Appeals of Alaska.

Aug. 27, 1993.

---

T. Henry Wilson, Asst. Atty. Gen., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

John E. Havelock, Ely & Havelock, Anchorage, for appellees.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

One of the regulations governing state parks, 11 AAC 12.140, forbids construction or maintenance of "a dock, cabin, home, building, or other structure in a state park, unless authorized by the director [of parks] under 11 AAC 18.010." Another park regulation, 11 AAC 12.300, requires a person to secure a permit to engage in any commercial activity within a state park. In these consolidated cases, we are asked to decide whether 11 AAC 12.140 and 11 AAC 12.300 govern activities within the Kenai River Special Management Area. We conclude that they do.

Four of the defendants (Lowrence, Heffernan, Cornell, and Huske) had done construction or maintenance work within the banks of the Kenai River (Lowrence: placing a retaining wall; Heffernan and Cornell: excavating a canal; Huske: maintaining a jetty). Because they had not secured permits for these structures, they were charged with violating 11 AAC 12.140.[1] The fifth defendant, Miller, operated a boat rental business on the Kenai River without a permit; she was charged with violating 11 AAC 12.300. The district court conclud-

ed that the statutes that established the Kenai River Special Management Area (hereafter, the "Kenai River Area") were vague and ambiguous on the issues of (1) whether the Kenai River Area is a "state park", and, if so, (2) whether normal state park regulations are to apply to the Kenai River Area. Based on the legal axiom that ambiguous statutes must be construed against the government in criminal cases, the district court held that the regulations in 11 AAC 12 did not apply to the Kenai River Area, and so dismissed the misdemeanor complaints against the defendants. The State has appealed.

■ The first issue is whether the Kenai River Area is a "state park". Because this issue is one of statutory interpretation, we decide the issue *de novo*, without deference to the trial court's ruling. *Seaman v. State*, 825 P.2d 907, 909 (Alaska App.1992).

The Kenai River Special Management Area was created by Alaska Statutes 41.-21.400–514. One section of these statutes, AS 41.21.500(1), apparently resolves the first issue litigated in this appeal: it declares that the Kenai River Area is "a unit of the state park system under this chapter". Moreover, the Alaska Administrative Code supports the conclusion that the Kenai River Area is a state park. Under AS 41.21.504(a), the Kenai River Area "is assigned to the Department of Natural Resources for control, maintenance, and development." Under 11 AAC 12.340(11), for purposes of interpreting the Alaska Administrative Code, "state park" means "any land or water managed by the division [of parks and outdoor regulation of the Department of Natural Resources]". Because "control, maintenance, and development" are activities commonly understood to fall within the definition of "management", we conclude that the Kenai River Area is "managed" by the Department of Natural Resources, division of parks and outdoor recreation. Thus, using the definition of "state park" found in 11 AAC 12.-

---

1. The Commissioner of Natural Resources is authorized by AS 41.21.020(a)(6) to promulgate regulations governing state parks. Violation of a regulation adopted under AS 41.21 is a misde-

meanor punishable by a fine of $1000 or imprisonment for up to six months or both. AS 41.-21.950.

340(11), the Kenai River Area is a state park.

The conclusion drawn from these statutory and regulatory provisions is supported by the testimony of Walter H. Ward, a Kenai River Area park ranger who was also a staff participant in formulating the Kenai River comprehensive management plan. Ward testified that the Kenai River Area was described as a "state park" throughout the management plan committee meetings (which were open to the public). Ward also testified that the management plan committee reviewed existing park regulations to determine what special modifications should be made for the newly created Kenai River Area. The final management plan lists 11 AAC 12.140 and 11 AAC 12.300, the regulations the defendants were charged with violating, as among the state park regulations "pertinent" to the Kenai River Area.

Finally, AS 41.21.506(e) provides a clear sign that the legislature considered the Kenai River Area to be a state park. That statute declares, "The provisions of AS 41.21.025(b) and (c) do not apply to the [Kenai River Area]." These two referenced subsections, AS 41.21.025(b) and (c), restrict the Department of Natural Resources's zoning authority over private land "within the boundaries of state parks established under this chapter". The fact that the legislature thought it necessary to specifically exempt the Kenai River Area from the operation of AS 41.21.025(b) and (c)— two statutory provisions that apply only to state parks—convincingly demonstrates that the legislature intended to create the Kenai River Area as a state park and concomitantly intended the Kenai River Area to be governed by the provisions of AS 41.21.010–040 and the regulations promulgated under AS 41.21.020 unless expressly otherwise provided.

 This brings us to the second issue. The defendants argue that, even if the Kenai River Area is a state park, the legislature has indeed specified that normal state park regulations do not apply to the Kenai River Area. The defendants point to AS 41.21.506(b) and (c), which provide:

(b) The commissioner shall adopt regulations under the Administrative Procedures Act (AS 44.62) that are necessary to achieve the purposes of AS 41.21.500–41.21.514 and to implement the [comprehensive management] plan adopted under (a) of this section. . . .

(c) Until regulations adopted under AS 41.21.500–41.21.514 take effect, existing state regulations otherwise applicable to the Kenai River Special Management Area remain in effect.

The defendants argue that, even if subsection (c) originally made all existing state park regulations applicable to the Kenai River Area, subsection (c) no longer has any effect. The defendants point out that, by its terms, subsection (c) is only effective "[u]ntil regulations adopted under AS 41.21.500–41.21.514 take effect"; and they also point out that the Commissioner of Natural Resources has adopted eight regulations under AS 41.21.506(b) to govern the Kenai River Area. See 11 AAC 20.850–885. According to the defendants' argument, the enactment of these regulations means that other state park regulations no longer apply to the Kenai River Area.

We find the defendant's construction of AS 41.21.506(c) to be patently inconsistent with the legislature's intent regarding the management of the Kenai River Area. As the State points out, some of the lands now comprising the Kenai River Area were state parks before the creation of the River Area. If AS 41.21.506(c) were interpreted as the defendants contend it should be, the result would be that, because the Commissioner of Natural Resources has promulgated eight regulations to govern the Kenai River Area, the pre-existing park land within the Kenai River Area now has less protection than it did before the creation of the River Area.

The legislature's declared purpose in creating the Kenai River Area was to enhance protection of the entire Area in three specific ways—to "designate [the River Area] as a unit of the state park system under [AS 41.21]", AS 41.21.500(1); to "protect and perpetuate the fishery and wildlife re-

sources and habitat in the [River Area] and adjacent area", AS 41.21.500(2); and to "manage recreational uses and development activities in the [River Area] and adjacent area", AS 41.21.500(3). The defendants' construction of AS 41.21.506(c) defeats that purpose. Even though criminal statutes generally must be construed in favor of the accused, a court is nevertheless obliged to avoid construing statutes in a way that leads to patently absurd results or to defeat of the obvious legislative purpose behind the statute. *Sherman v. Holiday Construction Co.*, 435 P.2d 16, 19 (Alaska 1967); *Millman v. State*, 841 P.2d 190, 195 (Alaska App.1992); *Wylie v. State*, 797 P.2d 651, 657 (Alaska App.1990); *Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App.1981). We therefore conclude that AS 41.21.506(c) means that normal state park regulations apply to the Kenai River Area until the Commissioner of Natural Resources adopts a special Kenai River Area regulation to the contrary.

The defendants attempt to avoid this conclusion by asserting that the Kenai River Area is only an "overlay district" that encompasses both state park land and non-park land. According to this argument, state park regulations continue to apply to the pre-existing state parks within the Kenai River Area, while the rest of the River Area is governed only by the eight regulations in 11 AAC 20.850–885.

However, the defendants' argument is inconsistent with AS 41.21.506(c). The statute declares that, "[u]ntil regulations adopted under AS 41.21.500–41.21.514 take effect, existing state regulations otherwise applicable to the Kenai River Special Management Area remain in effect." The stat-

ute does not distinguish between pre-existing park land and newly regulated land within the Kenai River Area. If, as the defendants contend, the phrase "existing state regulations otherwise applicable to the Kenai River Special Management Area" refers solely to the state park regulations governing pre-existing park lands within the Kenai River Area, then AS 41.-21.506(c) would mean that all normal state park regulations would cease effect as soon as the Commissioner of Natural Resources promulgated one or more regulations to govern the Kenai River Area in general. This construction is not compatible with the legislative purpose evinced in AS 41.21.500–514.

In sum, we find that the legislative intent with respect to the Kenai River Area is not incurably ambiguous or vague. Our review of the statutes convinces us that the legislature intended the Kenai River Area to be a state park and intended normal state park regulations to govern the River Area unless those regulations were inconsistent with a regulation promulgated specifically for the River Area under AS 41.-21.506(b).

The decision of the district court is REVERSED. The criminal complaints against the defendants are reinstated, and these cases are remanded to the district court for renewed proceedings on those complaints.