**Elmer Lee McNABB, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–4633.

Court of Appeals of Alaska.

Oct. 22, 1993.

Rehearing Granted in Part and Opinion Amended Nov. 2, 1993.

Alan L. Schmitt, Jamin, Ebell, Bolger & Gentry, Kodiak, for appellant.

Roger B. Rom, Asst. Dist. Atty., Peter C. Gamache, Dist. Atty., Kodiak, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Elmer McNabb was charged by information with twenty counts of negligently violating 5 AAC 39.164(b)(3), which prohibits the operation of non-pelagic trawl gear within the waters of King Crab Registration Area M. Counts I and II of the information charged violations occurring on February 18, 1992. Counts III and IV charged violations occurring on February 19, 1992. Pursuant to a plea agreement, McNabb pled guilty to Count IV of the information, and the state dismissed the other nineteen counts.

Alaska Statute 16.05.723(a) provides that a person who negligently violates a regulation of the board of fisheries is punishable by imprisonment of up to one year and a fine of up to $15,000.00. McNabb was sentenced to thirty days, all suspended, and a fine of $15,000.00 with $5,000.00 suspended. The sentencing court also ordered forfeiture of the fair market value of all the fish on board McNabb's boat on February 19, 1992, a total of $39,758.40. Under the authority of AS 16.05.723(b), the court imposed an additional fine of $39,758.40 with $20,000.00 suspended. On appeal, McNabb challenges the forfeiture and additional fine on several grounds. He also challenges the total amount of fines and forfeitures as violating the United States and Alaska constitutional prohibitions against excessive fines. Finally, he argues that the court erred in imposing any fines and forfeitures without considering his financial resources.

## FORFEITURE OF $39,758.40

The sentencing court ordered McNabb to pay a forfeiture of $39,758.40 under the authority of AS 16.05.723(a). That subsection provides that in addition to imposing a term of imprisonment of up to one year and a fine of up to $15,000.00:

> the court shall order forfeiture of any fish, or its fair market value, taken or retained as a result of the commission of the violation,.... For purposes of this subsection, it is a rebuttable presumption that all fish found on board a fishing vessel used in or in aid of a violation, or found at the fishing site, were taken or retained in violation of AS 16.05.440–16.-05.690 or a commercial fisheries regulation of the Board of Fisheries or the department, and it is the defendant's burden to show by a preponderance of the evidence that fish on board or at the site were lawfully taken and retained.

The court ordered forfeiture of $39,758.40, the amount paid to McNabb at the end of the day February 19, 1992, when he sold all the fish on board his boat to a tender. It is undisputed that the fish turned over to the tender on February 19th had been taken by McNabb in four separate tows, two on February 18th and two on February 19th. The

first three of these tows were the bases for Counts I through III, which had been dismissed. The fourth tow was the basis for Count IV, the count to which McNabb pled guilty.

McNabb argues that the forfeiture amount should not have exceeded $10,-257.67. This amount represents 25.8% of the value of the fish on board McNabb's vessel following the four tows on February 18th and 19th. The only evidence introduced at the sentencing hearing purporting to allocate the $39,000.00 worth of fish between the four separate tows on February 18th and 19th was an entry from McNabb's fishing log book in which he had estimated that 25.8% of the fish had been taken in the fourth tow.

McNabb contends that the sentencing court based its forfeiture order on an erroneous finding that all of the fish on board his boat on February 19 had been taken in the fourth tow. McNabb misconstrues the district court's findings. From the court's ruling that McNabb had failed to rebut the AS 16.05.723(a) presumption that all fish on board the vessel had been taken illegally, McNabb infers a finding that all of the fish had been taken in the fourth tow on the 19th. This inference is mistaken.

Judge Hopwood did find that McNabb had failed to rebut the AS 16.05.723(a) presumption. However, Judge Hopwood's interpretation of that presumption differs from McNabb's. As McNabb reads the statute, the presumption is that all fish found on board the vessel were taken or retained in the illegal act for which he was convicted. According to McNabb, a defendant need not actually show that the fish on board were "lawfully taken and retained" in order to rebut the presumption; he need only show that the fish were taken legally or illegally, in acts other than that for which he was convicted. As Judge Hopwood read the statute, the presumption

is that all fish on board the vessel were taken or retained illegally, and thus are forfeitable unless the defendant can show not only that the fish were taken in acts other than that for which he was convicted, but also that they were lawfully taken.

Read in its entirety, AS 16.05.723(a) is ambiguous. The last sentence of the subsection, which establishes the rebuttable presumption, refers only to whether the fish were taken lawfully or unlawfully, without reference to the particular unlawful act for which the defendant was convicted. The difficulty comes in reconciling this language with the preceding language of the same paragraph that when a person is convicted of a commercial fishing misdemeanor, "the court shall order forfeiture of any fish, or its fair market value, taken or retained as a result of the commission of *the* violation...." (Emphasis added). The legislative history of AS 16.05.723 is not helpful on the forfeiture issue. There is no indication that the legislature anticipated the situation that arose in this case: the presence on board the boat of fish allegedly taken in illegal acts for which no conviction would be had.

 Construing the statute in its totality and resolving this ambiguity in McNabb's favor,[1] we read AS 16.05.723(a) as providing for the mandatory forfeiture only of fish allegedly taken in illegal acts for which the defendant has been convicted. When the statute is so construed, McNabb must still overcome the presumption that all fish on board his vessel were taken as the result of the violation for which he was convicted. However, McNabb's fishing log, if accepted as credible by the court, would suffice to meet the burden. We accordingly remand the case to Judge Hopwood to redetermine the amount of the forfeiture under this reading of AS 16.05.723(a).[2]

## ADDITIONAL FINE IMPOSED UNDER AS 16.05.723(b)

Pursuant to AS 16.05.723(b), the sentencing court imposed "a fine equal to the

1. *See State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985), *aff'd* 723 P.2d 85 (Alaska 1986).

2. The state has not argued that the court might have authority under AS 16.05.195 to order damages for the value of fish taken illegally.

gross value of the fish found on board ... at the time of the violation...." [3]

■ McNabb argues that this fine should not have exceeded the value of the fish taken in the tow for which he was convicted. There is no merit to this argument. Unlike the forfeiture authorized by AS 16.05.723(a), the fine provided for in subsection (b) of the statute does not depend on the amount of fish taken as a result of the violation. The statute contemplates a fine which is based on the value of the fish on board a vessel, whether they were taken illegally or not.

■ McNabb argues that imposition of the additional fine pursuant to subsection (b) of the statute was improper because he was not convicted of one of the offenses listed in that subsection. This argument is unpersuasive. McNabb was in fact convicted of commercial fishing with illegal gear under AS 16.05.723(b)(3). The gear was illegal for the area in which McNabb was fishing.[4] There is no error in the provision of the judgment which fines McNabb $39,758.40 with $20,000.00 suspended, pursuant to AS 16.05.723(b).

## CONSTITUTIONAL PROHIBITIONS AGAINST EXCESSIVE FINES

McNabb argues that the total amount of fines and forfeitures imposed against him violates the Eighth Amendment to the United States Constitution, and Article I, § 12 of the Alaska Constitution. Both of these constitutional provisions state that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." McNabb argues that the fine in this case is disproportionate to the value of the fish taken in the tow for which he was convicted.

The United States Supreme Court has held that the Eighth Amendment does not require strict proportionality between crime and sentence, but forbids only "extreme sentences that are 'grossly disproportionate' to the crime." *See Harmelin v. Michigan,* — U.S. —, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

■ The Alaska Supreme Court has consistently held that the Alaska Constitution does not require that penalties be proportionate to the offense. Only punishments that are "so disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice" may be stricken as cruel and unusual under Alaska's Constitution. *See Thomas v. State,* 566 P.2d 630, 635 (Alaska 1977); *Green v. State,* 390 P.2d 433, 435 (Alaska 1964).

■ We have upheld the application of large fines in commercial fishing cases. *See Millman v. State,* 841 P.2d 190, 196–97 (Alaska App.1992). The fines reflect the heavily regulated nature of the industry, the large profits which can occur from illegal fishing, and the value of the resource to the citizens of the state. The fines imposed may be designed to punish viola-

We accordingly do not decide what authority the court may have to proceed under this statute.

3. Subsection (b) of AS 16.05.723 provides:
If a person is convicted under this section of one of the following offenses, then, in addition to the penalties imposed under (a) of this section, the court may impose a fine equal to the gross value of the fish found on board or at the fishing site at the time of the violation:
(1) commercial fishing in closed waters;
(2) commercial fishing during a closed period or season;
(3) commercial fishing with unlawful gear, including a net, pot, tackle or other device designed or employed to take fish commercially; or
(4) commercial fishing without a limited entry permit holder on board if the holder is required by law or regulation to be present.

4. We find unpersuasive McNabb's argument that his gear was legal because he could have used it lawfully in another area. McNabb was convicted of using illegal gear for the area in which he was fishing. This interpretation of AS 16.05.723(b) comports with the plain meaning of the statute.

tors and need not reflect the profit the defendant received from a violation. *Id.* The fine imposed against McNabb is not grossly disproportionate to his crime. There is no constitutional violation here.

## CONSIDERATION OF MCNABB'S FINANCIAL RESOURCES AT THE SENTENCING HEARING

McNabb argues that the court violated former AS 12.55.035(a), which provided in part at the time of McNabb's sentencing:

> In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.

At the sentencing hearing, Judge Hopwood did not make a specific inquiry into McNabb's ability to pay the fine. The judge did ask defense counsel when McNabb would be able to pay the fine. The judge granted McNabb's request that he be given twelve months to pay the fine, so that he could earn the money during the next fishing season.

The state argues that a specific inquiry into McNabb's ability to pay the fine was unnecessary in light of the evidence presented at the sentencing hearing. The state's position is that because McNabb's fishing license was not suspended and none of his gear was forfeited, it is obvious that McNabb will be able to earn enough money to pay the fines in a single fishing season. However, the former statute required the court to make a specific inquiry concerning "the financial resources of the defendant and the nature of the burden its payment will impose." Since the court did not do this, we remand the case so that the court can determine the appropriate fine.

This case is REMANDED for further proceedings consistent with this opinion.