Robert E. RICHARDSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8124.

Court of Appeals of Alaska.

May 17, 2002.

Andrew J. Lambert, Kalamarides & Lambert, Anchorage, for Appellant.

Leonard M. Linton, Jr., Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *OPINION*

COATS, Chief Judge.

Robert E. Richardson was convicted of murder in the second degree and assault in the first degree for an incident where, after being warned not to drive, he drove while intoxicated. Richardson crossed the center line and struck another vehicle, killing two people and seriously injuring two others. Superior Court Judge Michael J. Wolverton sentenced Richardson to twenty-eight years of imprisonment with fifteen years suspended. He also ordered Richardson's driver's license revoked for a period of twenty years, running from the date of the offense. Richardson does not appeal his sentence of imprisonment to this court but rather contends that Judge Wolverton's revocation of his driver's license was excessive. We affirm.

On July 12, 2000, Richardson went off the road and drove his truck into a pond of water located off Portage Valley Road. Richardson telephoned a tow truck driver to pull him out of the pond. When the tow truck driver arrived at the scene, he pulled Richardson's truck out of the water. But, from his contact with Richardson, he concluded that Richardson was too drunk to drive and told him not to drive. In addition, an employee of the National Park Service arrived at the pond and also told Richardson that he was too drunk to drive.

Richardson agreed that he was too drunk to drive. He told the park service employee and the tow truck driver that he needed to move his truck to a camping area along Portage Valley Road where he could sleep off the effects of his drinking. The tow truck driver and the park service employee led Richardson to the camping area and Richardson pulled off into the area.

The tow truck driver left the camping area but the park service employee waited for a few minutes to make sure that Richardson did not try to drive. But after a while, the park service employee left. Shortly thereafter, Richardson left the camping area and proceeded down Portage Valley Road. As Richardson drove down the road, he crossed the center line, striking a car. The car was driven by Kevin Blake, age sixteen. The passenger sitting behind Blake was Kenneth Kramer, age eleven. The collision killed both of the boys. Blake's grandparents, David Glasen and Patsy Glasen, were on the other side of the car and survived the collision, but both were seriously injured.

Richardson entered a plea of no contest to an information charging one count of murder in the second degree,[1] consolidating the deaths of Kevin Blake and Kenneth Kramer. He also pled no contest to one count of assault in the first degree,[2] encompassing the injuries to the Glasens.

Richardson was thirty-six years old at the time of sentencing. He had a prior assault conviction from 1985. Richardson concedes that this assault conviction apparently arose out of the consumption of alcohol because alcohol screening was required as part of his sentence. The court sentenced Richardson to 180 days of probation and a $25 fine for this conviction. In 1993, Richardson was convicted of bank larceny and sentenced to three years of probation and a $3,000 fine. Between 1992 and 1997, Richardson had three traffic violations: one for improper backing and two for speeding.

Richardson contends that Judge Wolverton failed to make sufficient findings to support the twenty-year revocation of his driver's license. Richardson concedes he is an alcoholic, but he points out that, at least until the events of this case, he had been sober for the prior twelve years. Richardson also points out that he has no prior convictions for driving while intoxicated, reckless driving, or similar driving offenses. He argues that his prior history does not indicate that he will pose a danger to the public in the future.

Before we address the merits of these contentions, we must first address a legal issue raised by the state. The state asserts that Richardson does not have the right to appeal this aspect of his sentence and that

---

1. AS 11.41.110(a)(2).

2. AS 11.41.200(a)(1).

we have no jurisdiction to decide Richardson's case.

*The state's jurisdictional objection to Richardson's appeal*

■■ The state's jurisdictional argument is based on two statutes: AS 12.55.120, which governs a defendant's right to appeal a sentence, and AS 22.07.020(b), which defines this court's authority to hear a sentence appeal.

Alaska Statute 12.55.120(a) states that, with certain exceptions not pertinent here, felony defendants can appeal their sentences if the sentences require service of more than two years of imprisonment:

> (a) A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding two years of unsuspended incarceration for a felony offense or exceeding 120 days for a misdemeanor offense may be appealed to the court of appeals by the defendant on the ground that the sentence is excessive....

The legislature has placed a corresponding limit on this court's authority to hear sentence appeals. Alaska Statute 22.07.020(b) states:

> (b) Except as limited in AS 12.55.120, the court of appeals has jurisdiction to hear appeals of unsuspended sentences of imprisonment exceeding two years for a felony offense or 120 days for a misdemeanor offense imposed by the superior court on the grounds that the sentence is excessive, or a sentence of any length on the grounds that it is too lenient. The court of appeals, in the exercise of this jurisdiction, may modify the sentence as provided by law and the state constitution.

The state construes AS 12.55.120(a) to mean that the defendant's term of imprisonment is the *only* component of a sentence that can be appealed. In other words, the

state argues that the legislature has forbidden defendants from challenging the amounts of their fines, the conditions of their probation, or—as in Richardson's case—the terms of their license revocations. And, based on this interpretation of AS 12.55.120(a), the state argues that AS 22.07.020(b) forbids this court from reviewing any component of a sentence except a term of imprisonment that exceeds two years.

We rejected a related argument in *Hillman v. Anchorage*.[3] The defendant in *Hillman* was convicted of driving while intoxicated and, as a component of his sentence, the district court ordered forfeiture of his vehicle.[4] Hillman appealed this forfeiture, contending that it was illegal.[5] (Specifically, Hillman argued that his vehicle was worth so much money that the forfeiture constituted an "excessive fine," which is prohibited by both the federal and state constitutions.[6])

The Municipality of Anchorage responded that we had no authority to review the district court's decision.[7] The municipality based its argument on AS 22.07.020(c), a sibling provision of the statute at issue in the present case.[8]

Alaska Statute 22.07.020(c) governs this court's jurisdiction over sentence appeals from the district court. The statute declares that this court "has jurisdiction to review ... (2) the final [sentencing] decision of the district court ... if the sentence exceeds 120 days of unsuspended incarceration." Because Hillman received a jail sentence of only sixty days to serve, the municipality argued that we had no authority to review the forfeiture of Hillman's vehicle or, indeed, any aspect of his sentence.[9]

We rejected this argument because it was inconsistent with the legislative history of AS 22.07.020(c).[10] We also noted that the municipality's interpretation of the statute would lead to absurd results (for example, our ina-

---

**3.** 941 P.2d 211 (Alaska App.1997).

**4.** *Id.* at 212.

**5.** *Id.* at 215–17.

**6.** *See* U.S. Const. amend. VIII; Alaska Const. art. I, § 12.

**7.** *Id.* at 212–15.

**8.** *Id.* at 212.

**9.** *Id.*

**10.** *Id.* at 214–15.

bility to review a district court's decision to sentence a defendant to 30 days in jail for negligent driving, an offense that is not punishable by imprisonment).[11]

We concluded instead that AS 22.07.020(c) was intended merely to "complement[ ] the . . . restrictions on district court sentence appeals embodied in . . . the sentence appeal statute, AS 12.55.120." [12] That is, the legislature's intention was to restrict our sentence appeal jurisdiction by "incorporat[ing] the limitation placed on district court sentence appeals by AS 12.55.120(d)." [13] The AS 12.55.120(d) limitation is that a defendant can appeal "[a] sentence of imprisonment lawfully imposed by the district court" only if the defendant received "a term or . . . aggregate terms exceeding 120 days of unsuspended incarceration." Because Hillman claimed that the forfeiture provision of his sentence was illegal, his appeal was not a "sentence appeal" within the meaning of this statute.[14] We therefore concluded that we had jurisdiction to review and decide Hillman's claim.[15]

Richardson's case is different from Hillman because Richardson does not claim that the revocation of his driver's license was illegal. Rather, he claims that the superior court failed to adequately justify a twenty-year license revocation under the Chaney sentencing criteria.[16] That is, Richardson claims that the twenty-year revocation constitutes an abuse of sentencing discretion. Thus, Richardson's appeal is a true "sentence appeal" as we defined that term in Rozkydal v. State.[17] Because of this, Hillman does not provide a direct answer to the state's claim that Richardson is prohibited from challenging the license revocation on appeal.

However, Hillman suggests a major component of our answer to the state's conten-

tion. In Hillman, we held that AS 22.07.020(c)—the statute defining our jurisdiction to hear district court sentence appeals—was intended merely "to incorporate the limitation placed on district court sentence appeals by AS 12.55.120(d)." [18] We reach the same conclusion with respect to the sibling provision at issue in Richardson's case—AS 22.07.020(b), the statute that defines our jurisdiction to hear superior court sentence appeals. We conclude that AS 22.07.020(b) was intended to incorporate the limitation on superior court sentence appeals codified in AS 12.55.120(a).

Thus, the ultimate question is: what limitations does AS 12.55.120(a) place on sentence appeals from the superior court? The pertinent portion of the statute declares that a defendant can appeal "[a] sentence of imprisonment lawfully imposed by the superior court . . . for a felony offense" if the defendant received "a term or . . . aggregate terms exceeding two years of unsuspended incarceration." [19] The statute discusses only "sentence[s] of imprisonment." [20] It does not mention a defendant's ability to appeal the amount of a fine, the conditions of probation imposed by the sentencing judge, or the term of a license suspension.

We therefore are faced with at least two competing interpretations of this statute. The interpretation proposed by the state is that felony defendants have no right to appeal any aspect of their sentences other than unsuspended terms of imprisonment exceeding two years. The alternative interpretation is that, assuming a felony defendant meets the requirement specified in the statute (an unsuspended term of imprisonment exceeding two years), the defendant retains

---

11.  *Id.* at 215.

12.  *Id.* at 212.

13.  *Id.* at 215.

14.  *See Rozkydal v. State,* 938 P.2d 1091, 1093–95 (Alaska App.1997) (construing the term "sentence appeal" to include only those appeals in which the defendant concedes the lawfulness of the sentence but argues that it constitutes an abuse of sentencing discretion).

15.  *Hillman,* 941 P.2d at 215.

16.  *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970). The sentencing criteria are now codified at AS 12.55.005.

17.  938 P.2d 1091, 1093.

18.  *Id.* at 215.

19.  AS 12.55.120(a).

20.  *Id.*

the right to appeal any aspect of the sentence. For the reasons that follow, we conclude that this second interpretation is more convincing.

First, we note that in 1995, when the legislature amended AS 12.55.120 and AS 22.07.020 to include the current restrictions on sentence appeals,[21] this court had previously decided several appellate challenges to aspects of criminal sentences other than the term of imprisonment. For example, in *Dodge v. Anchorage*,[22] we reviewed a sentencing court's decision to revoke a defendant's driver's license for life.[23] In *Graybill v. State*,[24] we reviewed the defendant's claim that the sentencing judge revoked his big-game guide license for an excessive period of time.[25] And in *McCann v. State*[26] and *Ashton v. State*,[27] we reviewed defendants' claims that their fines were excessive.[28]

The legislative history of AS 12.55.120 is silent regarding this history of sentence appeal litigation involving matters other than terms of imprisonment. As we noted in *Rozkydal*, when the legislature discussed the proposed amendments to AS 12.55.120 and AS 22.07.020, the legislature focused primarily on the length of prison sentences.[29] The legislature's concern was to spare state government the expense of litigating sentence appeals involving lesser sentences when, statistically, the overwhelming majority of these appeals ended in affirmance.[30] But the legislature did not express a desire to limit sentence appeals to the single issue of whether the defendant's unsuspended term of imprisonment was excessive.

Moreover, the state's suggested interpretation of AS 12.55.120(a) would present many administrative difficulties. Often, defendants who receive unsuspended term of imprisonment exceeding two years will challenge not only the length of the prison term but also other aspects of their sentences. Under the state's interpretation, this court would be limited to deciding the defendant's challenge to the prison term and then we would have to transfer all remaining issues to the supreme court under Alaska Appellate Rule 215(a).[31] In the absence of some affirmative indication that this is what the legislature wanted, we doubt that the legislature intended to make the decision of a sentence appeal so difficult.

For these reasons, we reject the narrow interpretation of AS 12.55.120(a) proposed by the state. Rather, we hold that felony defendants who receive unsuspended terms of imprisonment exceeding two years can appeal any aspect of their sentences.

### The merits of Richardson's appeal

■ We conclude that Judge Wolverton's findings in support of his sentence were sufficient to support his decision to order Richardson's license to be revoked for twenty years. Judge Wolverton ordered Richardson's license revocation to begin from the date of his offense. As a practical matter, much of the time that Richardson's license is revoked will pass while Richardson is in prison and will have little impact on him during that time. Of course a substantial portion of the license revocation will also take place after Richardson is released from prison. But given the seriousness of Richardson's offense, restricting his license for this time

**21.** *See* ch. 79, §§ 7–8, 11–12 SLA 1995.

**22.** 877 P.2d 270 (Alaska App.1994).

**23.** *Id.* at 273.

**24.** 672 P.2d 138 (Alaska App.1983), *rev'd on other grounds*, 695 P.2d 725 (Alaska 1985).

**25.** *Id.* at 143 n. 5.

**26.** 817 P.2d 484 (Alaska App.1991).

**27.** 737 P.2d 1365 (Alaska App.1987).

**28.** *McCann*, 817 P.2d at 487; *Ashton*, 737 P.2d at 1366 n. 1. *Compare Haggren v. State*, 829 P.2d 842, 845 (Alaska App.1992) (where we held that

a defendant had no right to appeal the amount of his fine or the amount of a property forfeiture when the defendant was not sentenced to a term of imprisonment of at least forty-five days (which, at that time, was the minimum term of imprisonment required to trigger the right of sentence appeal)).

**29.** *See Rozkydal*, 938 P.2d at 1096–97.

**30.** *See id.* at 1096–97.

**31.** This rule allows a defendant to petition the supreme court to review any sentencing issue that is not appealable.

appears to be a reasonable exercise of judicial authority. Although Richardson's former long period of sobriety is commendable, the facts of Richardson's case are particularly egregious and justify imposing a substantial license revocation to protect the public. Richardson was repeatedly warned that he was too intoxicated to drive. Nevertheless, he chose to drive, killing two young boys and seriously injuring two other people.

We conclude that these facts and Judge Wolverton's general analysis in imposing Richardson's sentence justified the twenty-year license revocation. We conclude that the sentence is not clearly mistaken.[32]

The sentence is AFFIRMED.

**32.** *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).